THE PEOPLE *ex rel.* Charles H. Hughes, Collector,

*v.*

SILAS O. STONE.

*Filed at Ottawa June 20, 1892.*

1. SPECIAL ASSESSMENT—*not delinquent while an appeal from assessment is pending in the county court.* Where an appeal from a special assessment of land is taken from the decision of the commissioners to the county court, in apt time, and is pending and undetermined at the time application is made for judgment on such assessment, the county court may properly refuse the application.

2. BILL OF EXCEPTIONS—*presumption.* Where the record, in an application for judgment against lands for a delinquent special assessment, shows various objections to the entry of judgment, and the court sustains the objections generally, and the bill of exceptions fails to show that all the evidence heard is preserved, it will be presumed, in support of the decision of the county court, that other evidence not preserved was heard, sufficient to sustain some one or more of the objections.

Writ of Error to the County Court of Lee county; the Hon. R. S. Farrand, Judge, presiding.

Mr. F. E. Andrews, for the plaintiff in error.

Mr. A. C. Bardwell, for the defendant in error.

Mr. Chief Justice Bailey delivered the opinion of the Court:

This was an application to the County Court of Lee county, for judgment against certain lands of the defendant in error, for a delinquent assessment levied by the commissioners of Union Drainage District number one, said district being comprised of lands situate partly in Hamilton township, Lee county, and partly in Hahneman township, Whiteside county. The lands of the defendant in error are situate in Lee county. The defendant appeared and filed various objections to the entry of judgment, which objections were sustained by the court, and judgment against said lands was refused, and the order of said court refusing said judgment is now brought here by writ of error.

Said drainage district seems to have been organized in 1883, under the statutes then in force, and in the early part of 1884, an assessment was made by the authorities of said district on the several tracts of land therein contained. Afterward, on the 12th day of February, 1886, the commissioners of said district filed their classification of the lands in the district, in pursuance of the provisions of section 21, of the "Act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts therein named," approved June 27, 1885, and on the 4th and 5th days of March, 1886, they heard objections to said classification, as required by sections 23 and 24 of said act, and overruled all objections interposed thereto. Two tracts of land owned by the defendant in error were included in said district, and in said classification, one of them was rated at 25 and the other at 5, on a scale of 100.

On said 5th day of March, 1886, said commissioners, after overruling said objections, made an order that the sum of $2,500 be raised by special assessment upon the lands in said district, to be apportioned among the several tracts of land upon the basis of said classification, and on the same day, an assessment roll in which said sum of money was apportioned between said tracts of land in the manner thus ordered having been made and filed, they adopted a resolution confirming said assessment.   The assessment on one of the tracts of land belonging to the defendant in error was $14.50, and on the other $1.45.

On the 9th day of March, 1886, the defendant in error appealed from the order of said commissioners confirming said classification, by filing his appeal bond in the office of the town clerk of the town of Hamilton, Lee county, and said town clerk thereupon appointed the 22d day of March, 1886, for the hearing of said appeal, and selected and summoned three supervisors of other towns in said county to hear it. The three supervisors thus summoned appeared on the day appointed, and after hearing the matter of said appeal, found that the lands of the defendant in error, as well as the lands of certain other appellants, would receive no benefit whatever from the proposed drainage in said drainage district and that said lands should not have been classified, and it was thereupon ordered by said supervisors that as to said lands, said classification should be abated, annulled and held for naught.

It appears, however, that notwithstanding the order entered by said supervisors on said appeal, the lands of the defendant in error were returned as delinquent May 10, 1886, and that on the 17th day of the same month, the application for judgment against said lands for said assessment was presented by the county collector to said County Court.   The objections interposed by the defendant in error to the entry of such judgment were the following:

1.　That the defendant in error appealed from said assessment to said County Court, pursuant to the statute in apt time, and said appeal was pending and undetermined at the time of. said application.

2.　That by reason of said appeal, said assessment was not delinquent, so far as the defendant in error and his said lands are concerned.

3.　That the classification of said lands upon which said assessment was based has been annulled and set aside by three supervisors on an appeal therefrom to such supervisors.

4.　That said assessment was levied before the time for appealing from said classification had expired, and while the appeal of the defendant in error therefrom was still pending.

5.　Said assessment as to the defendant in error is void.

6.　The lands of the defendant in error are not and can not be benefited in any way whatever by the drainage work for which said assessment was levied.

7.　Said assessment is the second assessment on said land for the same purpose.

8.　Said assessment is void.

9.　The commissioners who levied the assessment had no power to levy the same.

The question to which the evidence adduced at the hearing before the county court on the application for judgment was addressed, so far as the same is preserved by the bill of exceptions, was, the. regularity of the proceedings upon the appeal from the order making the classification to the three supervisors, the contention on the part of the plaintiffs in error being, that such errors and irregularities intervened in the matter of said appeal, as to render the order entered by said supervisors void, so that it may be entirely disregarded in this collateral proceeding. The errors and irregularities thus alleged are the following: 1. that as a portion of the lands in said drainage district were situated in Whiteside county, at least one of said supervisors should have been

selected from that county; 2. that the supervisors summoned were not those residing nearest the office of said town clerk; 3. that said supervisors, instead of meeting at said town clerk's office, held their meeting at a school house about one-half mile distant therefrom, no notice being given to said commissioners or others interested of that place of meeting, and that said meeting was held at that place in order to prevent said commissioners from appearing or being represented at the hearing of said appeal, and, 4. that the power of said supervisors was, by the statute, limited to determining whether the classification, as to the lands of the appellants, was too low or too high, and to raise or reduce the same accordingly, but that they had no power to annul the classification altogether, and that their order to that effect was therefore void.

As the record is made up, however, these questions which have been argued by counsel with very considerable earnestness, are not presented for our decision. As the County Court, by its order, sustained the objections to the entry of judgment generally, it is impossible for us to know whether judgment was refused on the ground that, in the opinion of said court, the order of the supervisors entered on the decision of the appeal was valid, or because some of the other of the objections interposed were sustained by the evidence. The bill of exceptions fails to show that all the evidence heard is preserved, and we are therefore at liberty to presume, in support of the decision of the County Court, that other evidence not preserved in the record was heard, sufficient to sustain any of the other issues of fact raised by the objections.

We may presume that evidence was heard sufficient to show that an appeal from said assessment had been taken by the defendant in error to said County Court in apt time, and that said appeal was pending and undetermined at the time the application for judgment was made, and if that were so, said lands could not have been delinquent at the time the application for judgment was made, and so far as the record gives

us any information, judgment may have been refused on that ground, and if so it was properly refused.

We are thus compelled to hold that, as the record is presented, no sufficient ground is shown for holding that the County Court was in error in refusing judgment against said lands, and the judgment of said court must therefore be affirmed.

*Judgment affirmed.*