August M. Knapik, Defendant in Error, v. James Stefek, Plaintiff in Error.

Gen. No. 37,171.

20

Heard in the first division of this court for the first district at the December term, 1933. Opinion filed March 5, 1934.

CHAS. G. PALMER, for plaintiff in error; CLYDE C. FISHER, of counsel.

JEROME B. READ, for defendant in error; ROY S. GASKILL, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit alleging an assault by defendant, and upon trial had a verdict for $500 upon which judgment was entered and which defendant seeks to have reversed.

April 1, 1933, judgment was entered. This was the last day of the March term of the superior court of Cook county. On April 27th, which was in the following term, the defendant made a motion to vacate the judgment, which was denied. By this writ of error defendant challenges this ruling of the court and the judgment entered upon the verdict.

Upon the trial defendant's counsel submitted a special interrogatory to be answered by the jury, to wit: "Did the defendant, Stefek, wilfully and maliciously assault and injure the plaintiff, as alleged in the plaintiff's declaration?" The jury answered this in the negative and at the same time rendered a general verdict in favor of the plaintiff. Defendant now says that when a special finding of fact is inconsistent with the general verdict the former shall control the latter and the court should enter judgment accordingly, citing sec. 79, ch. 110, Illinois Statutes (Cahill); *St. Louis & S. E. Ry. Co. v. Britz*, 72 Ill. 256, and other cases.

Undoubtedly this is the general rule, but as stated by Thompson on Trials (2nd Ed.) Vol. 2, sec. 2700:

"If the special findings do not cover all the issues, but are not inconsistent with the general verdict for the plaintiff as to those issues not covered by them, the defendant is not entitled to a judgment, though such findings be inconsistent with the general verdict as to the issues covered by them. This may arise when there are several paragraphs of the complaint, and the interrogatories are confined exclusively to one or two of them, and show that the plaintiff is not entitled to recover thereon. Consequently they are not inconsistent with the general verdict, on the remaining paragraph, for the plaintiff. In such a case the findings do not exclude every conclusion that will authorize a recovery for the plaintiff." *Toledo, W. & W. Ry. Co. v. Milligan,* 52 Ind. 505; *Frazer v. Boss,* 66 Ind. 1; *Hopkins v. Chicago, M. & St. P. Ry. Co.,* 128 Wis. 403.

On applying this rule to the instant case, we find it was charged in the declaration that defendant "with force of arms, maliciously and violently assaulted the plaintiff." Another paragraph charges that defendant "with great force and violence, shook and pulled about the plaintiff and knocked him down to and upon the cement floor of plaintiff's place of business, and violently and maliciously kicked the plaintiff," and also with malice damaged plaintiff's clothes. While the special interrogatory may cover the issue as to the malicious conduct of defendant, it does not cover the charge that defendant knocked plaintiff down. The general verdict is responsive to the issue raised by this charge and is not inconsistent with the answer to the special interrogatory, which presented the question whether the defendant "wilfully and maliciously" injured the plaintiff.

Moreover, although a special finding and a general verdict were returned, the record shows that defendant made no motion for judgment to be entered upon the special finding. The only motion defendant made

was for a new trial, which was overruled. The motion for a new trial does not take the place of a motion for judgment on the findings. *Anderson v. Hubble,* 93 Ind. 570; Thompson on Trials (2nd Ed.) Vol. 2, sec. 2701. If the court had granted defendant's motion for a new trial this would have set aside not only the general verdict but also the special finding. *Fitzpatrick v. Papa,* 89 Ind. 17; *Hollenbeck v. City of Marshalltown,* 62 Iowa 21. Defendant having failed to move for a judgment on the special finding, and, in effect having moved to set aside the special finding as well as the general verdict, cannot now in this court assert any error of the trial court in this respect.

When the evidence is not preserved by a bill of exceptions, which is the case here, the general presumption is in favor of the verdict and judgment. *People v. Stone,* 142 Ill. 281; *Goodwillie v. City of Lake View,* 137 Ill. 51; *Mason v. Letz,* 73 Ill. 371.

Defendant questions the denial by the court of his motion to set aside the judgment entered at a former term and says that a void judgment may be vacated after the term. But this was not a void judgment. The court had jurisdiction of the subject matter and of the parties and its judgment is not void, even if there were error. *People ex rel. Coleman v. Leavens,* 288 Ill. 447. But as held above, no error demanding a reversal has been presented.

For the reasons indicated, the judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.