**Paul O. Williamson, Plaintiff-Appellant, v. Joseph R. Spencer, Defendant-Appellee.**

Gen. No. 11,004.

Fourth District.

January 30, 1969.

Paul J. Knapp, of Lincoln, for appellant.

Armstrong, Winters, Prince & Tenney, of Decatur (Robert D. Winters, of counsel), for appellee.

CRAVEN, J., delivered the opinion of the court.

Plaintiff instituted action to recover damages from the defendant occasioned by the alleged negligence of the defendant in the operation of an automobile. A jury trial resulted in a verdict for the defendant upon which the court entered judgment, having denied the usual post-trial motions. This appeal follows.

The two-car automobile collision that gave rise to this action occurred on Highway 66 some two miles south of Lincoln, Illinois, at a point north of an intersecting road that leads to the Lincoln State School and Farm Annex. The accident was on November 6, 1964, at approximately 12:30 a. m. The plaintiff and the defendant were both driving their automobiles in a southerly direction. Both were driving in the east or passing lane of the southbound double-laned Highway 66 that is separated from the northbound double-laned highway by a median which is approximately 40 feet wide.

The plaintiff was about to make a left turn onto the intersecting road. The defendant had just passed another vehicle which was traveling in a southerly direction in the west lane of the southbound Highway 66. The defendant thus was following the plaintiff, at a distance not clearly set forth. Weather conditions were foggy or, as the testimony indicated, "spot foggy" with areas of fog and areas free from fog.

At this time and place the plaintiff was traveling at approximately 20 to 25 miles an hour and was reducing

his speed for the left-hand turn. The plaintiff's left-turn signals were operating and indicated a left turn. The defendant was traveling at approximately 65 miles an hour. At a point some 120 yards north of the intersection defendant's automobile struck the rear end of the automobile which the plaintiff was driving. The defendant left skid marks of some 213 feet after the impact. The plaintiff's car came to rest on the opposite or northbound highway and across the median.

The defendant was given a citation by the Illinois State Police charging him with driving too fast for conditions. At a subsequent appearance in the circuit court of Logan County, the defendant entered a plea of guilty to the charge.

This action was for personal injuries. No issue is raised on the pleadings. The plaintiff asserts that the trial court should have entered judgment for the plaintiff notwithstanding the verdict for the defendant, or in the alternative should have granted the plaintiff a new trial because the verdict is against the manifest weight of the evidence. As we view the record before us, this is a case where all the evidence so overwhelmingly favors the plaintiff that no verdict for the defendant based on the evidence can stand.

██ There is no evidence of contributory negligence on the part of the plaintiff and, indeed, no assertion that there was any conduct of the plaintiff that approximated contributory negligence. On this set of facts it is our opinion that judgment on the question of liability should have been entered for the plaintiff notwithstanding the verdict. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504 (1967). See also Leisenring v. E. Herlan Lumber Co., 18 Ill App2d 610, 152 NE2d 892 (3rd Dist 1958) ; Kocour v. Mills, 23 Ill App2d 305, 162 NE2d 497 (2nd Dist 1959).

There is much conflict in the testimony with reference to the issue of damages—conflict relating to whether the

plaintiff's alleged injuries were caused by the occurrence under review and whether existing degenerative difficulties were aggravated by the occurrence. However, there was evidence of injury. There is evidence that at the time of the occurrence the plaintiff's right knee struck the steering column; that he received medical treatment soon after the injury; that the plaintiff lost at least two days of work immediately following the collision and suffered back or neck pains as a consequence thereof. Since in our view of this case it must be remanded for a new trial on the issue of damages only, we deem it unnecessary to discuss in detail the damage issue except to determine that the record in fact does show some damage.

█ A verdict by the jury of not guilty relates to the issue of liability and not to the issue of damages. A verdict of not guilty, therefore, cannot be equated with a verdict of guilty and a finding of no damages. It may be, as the appellant suggests, that having resolved the issue of liability in favor of the defendant, the jury had no occasion to consider the issue of damages. In this connection, see Flynn v. Vancil, 41 Ill2d 236, 242 NE2d 237 (1968).

The judgment of the Circuit Court of Logan County is reversed and this cause is remanded to that court with directions to enter judgment for the plaintiff on the issue of liability and for a new trial on the issue of damages only.

Reversed and remanded with directions.

TRAPP, P. J. and SMITH, J., concur.