2 Ill. App.3d 1018 (1971)
278 N.E.2d 453
JUDITH COHEN, Plaintiff-Respondent,
v.
LEONARD SAGER, Defendant-Petitioner.
No. 54891.
Illinois Appellate Court  First District.
November 16, 1971.
*1019 Medard Narko, of Chicago, for defendant-petitioner.
Elliot M. Simon, of Chicago, (Frank C. Urban, Jr., of counsel,) for plaintiff-respondent.
Reversed and remanded.
Mr. JUSTICE STAMOS delivered the opinion of the court:
This action was brought to recover damages for personal injuries received when the automobile in which the plaintiff was a passenger was struck by defendant's vehicle. The jury rendered a general verdict for the defendant and answered two special interrogatories which were ruled inconsistent with the general verdict. The trial judge entered judgment for the plaintiff in accordance with the special findings and ordered a new trial to determine the amount of damages. This court granted the defendant's petition for leave to appeal.
The special interrogatories which were answered by the jury were:
"(1) Was the proximate cause of the accident the inclement weather and icy conditions that existed at the time of the occurrence? No.
(2) Was the defendant guilty of any negligence which proximately contributed to cause the occurrence in question? Yes."
In addition to the special findings, the jury returned a general verdict for the defendant. Ruling upon plaintiff's post-trial motions, the trial court held that the special findings were inconsistent with the general verdict and that the special findings controlled.
 1, 2 Defendant contends that the trial court erred in directing a verdict for the plaintiff and ordering a new trial on the issue of damages. He urges that the jury's findings are not inconsistent and that they were properly arrived at in accordance with the court's instructions.
Ill. Rev. Stat. 1969, ch. 110, par. 65 provides that:
"When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly."
Judicial interpretation of this section has established that statutory inconsistency exists only when the special findings are clearly and absolutely irreconcilable with the general verdict. (Wicks v. Cuneo-Henneberry Co. (1926), 319 Ill. 344, 150 N.E. 276; Devine v. Federal Life Insurance Co. (1911), 250 Ill. 203, 95 N.E. 174.) Where an examination of the jury findings reveals that a reasonable hypothesis consistent with the general verdict exists. In such a case, the general verdict is responsive to those issues not reached by the special findings. And because these issues remain as possible controlling factors in the jury's decision, the statute does not apply.
This principle was applied in Knapik v. Stefek (1934), 274 Ill. App. 19. Affirming a judgment of damages for an assault upon the plaintiff, the *1020 court held that the special findings returned were not inconsistent with the general verdict. The court said, at page 21:
"* * * we find it was charged in the declaration that defendant with force of arms, maliciously and violently assaulted the plaintiff. Another paragraph charges that defendant with great force and violence, shook and pulled about the plaintiff and knocked him down to and upon the cement floor of plaintiff's place of business, and violently and maliciously kicked the plaintiff, and also with malice damaged plaintiff's clothes. While the special interrogatory may cover the issue as to the malicious conduct of defendant, it does not cover the charge that defendant knocked plaintiff down. The general verdict is responsive to the issue raised by this charge and is not inconsistent with the answer to the special interrogatory, which presented the question whether the defendant wilfully and maliciously injured the plaintiff."
In Knapik, supra, the special interrogatory failed to reach the question whether plaintiff knocked the defendant down. Because the jury could decide this question in the affirmative and concurrently hold that he had not acted maliciously, the statute was held inapplicable.
In the case at bar, the trial judge included in his charge an instruction enumerating the issues which must be resolved by the jury in reaching their decision. The instruction stated that, before they could return a verdict for the plaintiff, they must find from their consideration of the evidence (1) that the defendant was negligent, (2) that the plaintiff was injured, and (3) that the negligence of the defendant was the proximate cause of the injury to the plaintiff.[1] Unless this court could conclude that the special findings disposed of each of these issues in a manner irreconcilably inconsistent with the general verdict in favor of the defendant, that general verdict must stand.
The special interrogatories answered by the jury resolved that the inclement and icy conditions that existed at the time of the accident were not the proximate cause of the accident and that the defendant was guilty of negligence which contributed to the cause of the accident. There were no special findings determining whether the plaintiff suffered any injury as a result of the occurrence or whether any resulting injury was proximately caused by the defendant's negligence. The inclusion of a general verdict in addition to the special findings thus served a specific purpose. It disposed of these remaining issues.
 3 The special findings did not exclude every reasonable hypothesis consistent with the general verdict. It is entirely consistent with reason *1021 that the jury found that while the defendant was negligent in causing the collision, no injury was suffered or that her injury was not proximately caused by the defendant's negligence. We hold that these special findings do not control the general verdict and that the trial court was in error.
The plaintiff's contentions rely on Williamson v. Spencer (1969), 104 Ill. App.2d 442, 244 N.E.2d 325, wherein the court stated at 104 Ill. App.2d 442, 445:
"A verdict by the jury of not guilty relates to the issue of liability and not to the issue of damages. A verdict of not guilty, therefore, cannot be equated with a verdict of guilty and a finding of no damages. It may be, as the appellant suggests, that having resolved the issue of liability in favor of the defendant, the jury had no occasion to consider the issue of damages."
The argument is that, upon the above authority, a general verdict does not relate to damages, but only to liability. Therefore, because the special findings fixed liability in the defendant, an irreconcilable conflict exists and the special findings must control.
 4 This argument erroneously ignores the distinction between injury, which is an element of the cause of action and a prerequisite to a finding of liability, and damages, which are assessed only after liability is found. The court in Williamson was not confronted with a conflict between separate jury findings as in the case at bar, but was applying the Pedrick rule.[2] In reversing and remanding for a new trial on the issue of damages only, this court found from the record that a directed verdict should have been entered for the plaintiff under the criteria set out in Pedrick. The decision was based upon a determination that the evidence going to liability, i.e., negligence, freedom from contributory negligence, injury, and proximate cause, was sufficient to conclude that no verdict for the defendant could ever stand. However, the evidence going to the amount of damages to be assessed was not as clear. The court held that, since the not guilty verdict did not go to the question of the amount of damage to the plaintiff, it was not required to consider that evidence to reverse under Pedrick. The case, therefore, does not stand for the proposition that a general verdict of not guilty does not reach the issue of injury, but merely that the amount of damages to be assessed is not an element of the cause of action. A second case relied upon by the plaintiff, Hamas *1022 v. Payne (1969), 107 Ill. App.2d 316, 246 N.E.2d 1, is distinguishable on the same grounds.
For the reasons expressed, the order granting plaintiff a judgment on the issue of liability and a new trial on the issue of damages are hereby reversed and the cause is remanded with directions to enter judgment on the verdict in favor of defendant.
Reversed and remanded with directions.
LEIGHTON, P.J., and SCHWARTZ, J., concur.
NOTES
[1] Contributory negligence was not an issue in this case.
[2] Pedrick v. Peoria and Eastern R.R. Co., (1967), 37 Ill.2d 494, 229 N.E.2d 504. The rule states that judgment verdicts ought to be directed and judgments n.o.v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand.