INGE BHATTACHARYA McCUTCHEN, Plaintiff-Appellant, *v.* KAREN J. BIGLER, Defendant-Appellee.

Fifth District    No. 80-616

Opinion filed November 10, 1981.—Rehearing denied December 8, 1981.

William L. Broom, III, of Barrett, Morris & Broom, of Carbondale, for appellant.

Richard A. Green, of Feirich, Schoen, Mager, Green and Associates, of Carbondale, for appellee.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Inge McCutchen, appeals from the trial court's denial of her motion for a new trial on the ground that the jury verdict in favor of

defendant-appellee, Karen Bigler, was against the manifest weight of the evidence. We reverse the judgment of the trial court and remand.

This litigation stems from a three-car accident which occurred in Carbondale on July 29, 1976. Three vehicles were traveling in single file on West Main Street. The essence of the dispute before us is the order in which the vehicles struck one another. Defendant's theory of the case at trial was that all three vehicles had stopped in response to a traffic light and, after resuming speed, the plaintiff stopped suddenly and without warning, causing the middle vehicle to strike the plaintiff's car and subsequently causing the defendant's vehicle to crash into the middle car. The plaintiff's theory of the case was that while the plaintiff and the middle vehicle were stopped for the light, the defendant struck the latter vehicle and caused it to strike the plaintiff's automobile. The plaintiff brought suit complaining of injuries to her neck and other portions of her body. The jury returned a general verdict in favor of the defendant but answered the following special interrogatory in the negative:

"At the time of and just before the collision of July 29, 1976, was the Plaintiff, Inge McCutcheon [*sic*], negligent so as to proximately cause her own injury?

Answer: No."

■■ Section 65 of the Civil Practice Act provides that where the answer to a special interrogatory conflicts with the general verdict, the special interrogatory controls the general verdict. (Ill. Rev. Stat. 1979, ch. 110, par. 65.) In determining whether the answer to a special interrogatory is inconsistent with a general verdict, the general rule is that a court of review may not look to the evidence, but must determine, as a matter of law, that the two findings are irreconcilable. (*Finnegan v. Davis* (1979), 68 Ill. App. 3d 118, 123-125, 385 N.E.2d 1103.) The *Finnegan* case carved an exception, of extremely limited application, to this general rule. This narrow and sharply circumscribed situation exists only where "under the evidence, * * * one or the other of two vehicle drivers must necessarily have been negligent * * *." (*Finnegan v. Davis* (1979), 68 Ill. App. 3d 118, 126.) Where this exception applies, the consequence is that a court of review may look to the evidence to determine whether the answer to the special interrogatory conflicts with the general verdict. The *Finnegan* court concluded that "where, under the evidence, there is no reasonable hypothesis whereby the general verdict can be found to be consistent with the answer to a special interrogatory, the latter controls the court's judgment even though, under the issues drawn by the pleadings, the two may be consistent." *Finnegan v. Davis* (1979), 68 Ill. App. 3d 118, 125.

■■ The evidence adduced at trial presented only two possible explanations of the cause of the accident: either the plaintiff was stopped at the traffic signal waiting for it to change when the defendant collided with

the middle vehicle and in turn struck the plaintiff's vehicle, or the plaintiff stopped suddenly on the road, causing the collision. The evidence demonstrated that the accident necessarily was proximately caused by the negligence of either the plaintiff or the defendant, since no evidence of a third party's negligence was adduced nor were such weather or road conditions shown which could have caused an unavoidable accident. We find that this rear-end collision, under the conditions just described, must have been the result of the negligence of either the plaintiff or the defendant. Hence this case falls within the narrow ambit of the *Finnegan* case, and consequently we may consider the evidence in determining whether the general verdict can be reconciled with the special interrogatory.

Traditionally, where special findings which are allegedly inconsistent with the general verdict do not cover all the issues submitted to the jury, the general verdict has been harmonized with the special findings, without looking to the evidence, by concluding that the general verdict represents a response to the issues not determined by the special findings. (See, *e.g.*, *Cohen v. Sager* (1971), 2 Ill. App. 3d 1018, 278 N.E.2d 453.) In *Cohen*, the special interrogatories did not, under the pleadings, dispose of the issues of whether the plaintiff was injured by the occurrence and whether the defendant's negligence was a proximate cause thereof. The court in *Cohen* concluded that the general verdict was a response to those issues not reached by the special interrogatories, and determined that, therefore, no inconsistency existed between the general verdict and the answers to the special interrogatories.

■■ In the instant case, the special interrogatory found that the plaintiff was free from contributory negligence. This finding necessarily rejects the defendant's theory of the case, which is that the plaintiff stopped suddenly and without warning. Because we have already determined that the collision must have been the result of the negligence of one or the other of the parties, under the facts of the instant case, the defendant must have been negligent. (See *Finnegan v. Davis* (1979), 68 Ill. App. 3d 118, 125.) There was ample evidence in the record of the injury and the proximate cause thereof. The record further demonstrates that none of the expert testimony adduced at trial tended to establish that the condition which became manifest after the accident was not caused by the collision. Since no other evidence bearing on the plaintiff's physical condition was adduced, the jury had no evidence before it which tended to establish that the plaintiff's injury was not proximately caused by the collision. Therefore, the only factual question involved—the negligence issue—was answered by the special interogatory. The answer to the special interrogatory also was in conflict with the general verdict, hence the answer to the special interrogatory controls. (Ill. Rev. Stat. 1979, ch. .

110, par. 65.) We therefore reverse and remand with directions to enter judgment on the issue of liability for plaintiff and to conduct a trial on the issue of damages.

Reversed and remanded with directions.

KARNS and WELCH, JJ., concur.