## CHARLES G. SMITH
### v.
## JAMES McCARTHY.

*Negligence — Insecure Area Rail—Personal Injuries — Contributory Negligence—Damages—Loss of Time—Special Interrogatories—Evidence —Instructions—Practice.*

1. The general verdict in a given case will control, where the special finding therein can upon any hypothesis be reconciled therewith.

2. Interference by the trial court with the right of the jury to pass upon the question of negligence, is justifiable only when the verdict is against the weight of the evidence.

3. An instruction setting forth that damages may be assessed for the plaintiff's time while being cured, and for a permanent injury, if proved, is not seriously contradictory.

4. The grounds of the objections to evidence offered by way of impeach- ment should be specific.

[Opinion filed May 29, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOT ANTHONY, Judge, presiding.

Messrs. EDWARD MAHER and A. D. RICH, for appellant.

Messrs. J. LYLE KING and T. MORRISON, for appellee.

GARNETT, P. J.   In this action appellee recovered a ver- dict and judgment for $2,000 against appellant for personal injuries received through the alleged negligence of appellant. At the time of the injury Smith was the owner of a business building in Chicago, having an area adjoining the sidewalk, and a stairway in the area leading to the basement of the premises.   Around the outer edge of the area was an iron guard which was secured by stanchions let into the sidewalk. The stanchions at the time in question, and for some time previous, were loose and the rail unsteady.   The evidence

tends to show that McCarthy was talking to an acquaintance near this guard on October 4, 1886, and on turning round struck the rail, which gave way, and he was precipitated into the area and severely injured. Evidence was also given, tending to prove that Smith's agent had known of the unsafe condition of the guard long before that date.

In answer to a special interrogatory to the jury, they said that appellee, at the time he fell, was leaning against the rail or post. Counsel for appellant assumes that this finding is contradictory of the general verdict, which finds appellant guilty. If that is true, it must be because leaning against the rail, even unintentionally and but for an instant, is *per se* and as a matter of law, such negligence on the part of the appellee as to bar his recovery. If the special finding can, upon any hypothesis, be reconciled with the general verdict, the latter will control, and the court will not render judgment against the party who has the general verdict in his favor. Pahlman v. Taylor, 75 Ill. 630.

Now, is there any hypothesis upon which the special finding in this case can be reconciled with due care on the part of appellee? He may have been entirely ignorant of the condition of the guard, and he may have struck the rail as he turned round without intending to do so, and he may have been instantaneously, without fault on his part, and without any opportunity to recover his balance, thrown into the bottom of the area where he received the injuries complained of, and these facts are all consistent with the special finding and are supported by evidence which the jury had the opportunity to believe and did believe. But aside from this, negligence is a question of fact for the jury, and interference by the court with their right to find on that question can only be justified where the verdict is manifestly against the weight of the evidence. This doctrine is one of the common-places of the law, and citation of authority is superfluous. It is sufficient to say that the record now before us presents no such case of preponderance of evidence as requires the verdict to be set aside.

One of the instructions for plaintiff told the jury that if

they found the defendant guilty, they might assess damages for plaintiff's loss of time while being cured, if there was such a loss, and for any permanent injury, if such permanent injury was proved. Appellant insists that there is a contradiction here in the alleged hypothesis that plaintiff was cured on the one hand, and on the other that he was permanently injured. This is manifestly but a verbal criticism which has no merit. The expression of the instruction may not be philologically exact, but we must assume that the trial court performed its duty by discharging from the panel all jurors who were not of sound judgment, and not well informed, and if that duty was performed, there is no reason to apprehend that the jury were misled to the injury of the appellant by this trifling slip of the pen.

There was no direct evidence given by any physician as to the probable duration of the plaintiff's injuries, but from the facts sworn to by the plaintiff himself, the jury might properly have drawn the inference that he was disabled for life, so that it can not be said, as appellant claims, that there was no evidence to support the hypothesis of permanent injury.

The objections of the defendant to the evidence offered to impeach the physician who was introduced as a witness for appellant, were too general in their character to be available here. The grounds of the objection should have been specifically pointed out, as they might have been removed.

There is no error in the record, and the judgment is affirmed.

*Judgment affirmed.*