James Richards, Jr., et al., Plaintiffs-Appellees, v. The Village of Edinburg, a Municipal Corporation, Defendant-Appellant.

Gen. No. 67–97.

Fifth District.

August 5, 1968.

Hershey and Bliss, of Taylorville (Richard G. Hershey and Frederick C. Hopper, of counsel), for appellant.

Daniel G. Reese, of Taylorville, and Vernon H. Houchen, of Decatur, for appellees.

GOLDENHERSH, J.

Defendant, Village of Edinburg, appeals from the judgment of the Circuit Court of Christian County entered upon a jury verdict in the amount of $3,000 in favor of the plaintiffs, James Richards, Jr., and Ellen Richards.

The evidence shows that in August of 1963 defendant commenced, and in August of 1964 completed, the construction of a sewage disposal plant.

Since 1959 plaintiffs have occupied a home situated approximately 123 feet from the tank in which the sewage is processed. The property was purchased under a contract for deed from Katie Schwartz, named as a party plaintiff, but dismissed from the suit prior to trial.

Witnesses called by plaintiffs testified that there were no offensive odors in the vicinity of plaintiffs' home prior to the construction of the sewage plant, and since its construction there were frequently offensive odors there. They described the odors as "terrible," "funny," a "sewer smell," and a "garbage smell." Plaintiff Ellen Richards testified that the view from her kitchen window was of a large uncovered sewage tank "with filthy water constantly churning in it."

Defendant called the engineer who designed the plant. He explained its operation and stated that the plant met all of the requirements of the State Sanitary Water

Board. He testified that the processing tank had no top, a tank with no top is probably more efficient for a town the size of defendant, the water flowing from the plant was clean and clear with a low bacteria count, there are odors from the sewage in the plant but the chemicals used in the processing mask the odor. He described the resultant odor as an "earthy type," similar to that of a freshly-plowed field.

A member of the Board of Trustees of the defendant village testified that the plant had been operated in the same manner since its installation and no changes were contemplated.

Two witnesses who lived respectively, one block, and one and one-half blocks from the sewage plant testified that there were no odors from the plant at their homes.

Defendant contends that the record does not show a permanent nuisance to exist, and the nuisance, if any, is abatable. It argues that the court erred in admitting evidence of the depreciation in market value of plaintiffs' property because of the nuisance, contending that such measure of damage applies only to a permanent nuisance. Defendant also contends that the trial court erred in admitting the testimony of plaintiff, James Richards, Jr., and two witnesses as to the value of plaintiffs' property. Defendant further contends that the trial court erred in refusing to direct a verdict for defendant because plaintiffs failed to prove that the operation of the sewage plant caused the offensive odors, or alternatively, that the verdict is against the manifest weight of the evidence and the trial court erred in denying defendant's motion for a new trial.

■■ In support of its contention that the trial court should have directed a verdict, defendant argues that plaintiff failed to prove that the operation of the sewer plant was in some manner defective. Negligence is not involved in an action for nuisance, Belmar Drive-In Theatre v. Illinois State Toll Highway Commission, 34 Ill

39

2d 544, 216 NE2d 788, and a nuisance may be created or maintained with the best or highest degree of care, Menolascino v. Superior Felt & Bedding Co., 313 Ill App 557, 40 NE2d 813.

■ Defendant also argues that the testimony of the engineer shows that the odors were effectively masked and there is no evidence that the chemicals were ever omitted. It also argues that there is no evidence that the odors described as "funny," "terrible," and a "sewer smell" are necessarily objectionable to the extent of creating a nuisance. As previously noted negligence is not an element of the cause of action, and the latter contention is fully disposed of in Belmar Drive-In Theatre v. Illinois State Toll Highway Commission (supra), wherein at page 547, the Supreme Court said, "So far as injury to the person is concerned, it is held that in deciding whether a particular annoyance is sufficient to constitute a nuisance the criterion is 'its effect upon an ordinarily reasonable man,—that is, a normal person of ordinary habits and sensibilities, . . .' "

■ ■ Defendant contends further that the evidence fails to show the odors complained of came from defendant's plant. The testimony shows there were no such odors prior to the erection of the plant and their presence since that time. On all these matters the issue was one of fact, the evidence is sufficient to support the verdict, and it is not against the manifest weight of the evidence.

Relying upon Dierks v. Highway Com'rs of Addison Tp., 142 Ill 197, 31 NE 496; Fink v. Board of Trustees of Southern Illinois University, 71 Ill App2d 276, 218 NE2d 240; and Iliff v. School Directors, 45 Ill App 419, defendant argues the nuisance is shown to be abatable and the court erred in admitting evidence of the depreciation in the market value of the property. An examination of these cases shows them to be clearly distinguishable. In Dierks plaintiff sought to enjoin the transportation of

sewage through an open ditch across plaintiff's lands. Further, it is clear from the language appearing at page 210 of the opinion that plaintiff could recover money damages to the extent that the construction of the ditch impaired the value of her farm.

In Fink it is clearly shown that there was an alternative method available which would handle the effluent at a lower operating cost.

In Iliff the creation of the nuisance depended entirely on how the privy was kept, and if kept properly, there was no problem.

There is no question that defendant had the right to erect and maintain the sewage plant, and the nuisance arises not from its negligent or defective operation, but from a manner of operation which defendant contends is normal and safe, and which it intends to continue. Upon these facts the nuisance is a permanent one. Strange v. Cleveland, C., C. & St. L. Ry. Co., 245 Ill 246, 91 NE 1036; Chicago North Shore St. Ry. Co. v. Payne, 192 Ill 239, 61 NE 467. Although counsel have not cited nor has this court found any Illinois authorities involving sewage plants, there are a number of cases collected and discussed in an annotation appearing at 40 ALR2d 1177. Based upon these cases the rule is correctly stated at page 1200, as follows: "A temporary nuisance is one which is abatable, while a permanent nuisance is one which, despite lack of negligence in the construction or operation of the plant, may be expected to continue. To be permanent, it would seem necessary that it appear that there exists a legal right to maintain the sewage disposal plant although its operation must necessarily result in a nuisance." This is in accord with the cases above cited and the trial court applied the correct measure of damages, City of Centralia v. Wright, 156 Ill 561, 41 NE 217.

Defendant contends that the trial court erred in permitting Ray High to testify as to the depreciation in the

41

value of plaintiffs' property caused by the nuisance. The record shows that the witness had been making real estate appraisals for six years and was familiar with values of real estate situated in the defendant village. He testified that he examined the property in May of 1966, but not prior to August of 1964. Defendant argues that because he had not seen the property prior to the erection of the sewage plant he was not qualified to express an opinion as to its value at that time.

██ It is the rule in Illinois that an expert may base his opinion on personal observation, a hypothetical presentation, or a combination of both. Sherman v. City of Springfield, 77 Ill App2d 195, 222 NE2d 62. This witness was qualified to express an opinion as to the value of the real estate prior to August 1964, and the fact that he had not seen it prior to that time affects the weight, not the admissibility of his testimony.

Defendant argues that the court erred in admitting the testimony of Charles William Hager because he failed to consider sufficient elements to support his opinion as to the value of the property. Between the direct and cross-examinations the necessary elements are included and if any are lacking they affect the weight, not the admissibility of the evidence.

██ Defendant argues that the court erred in admitting the testimony of plaintiff James Richards, Jr. as to the value of the property before and after the installation of the plant. In Forest Preserve Dist. of Cook County v. Kercher, 394 Ill 11, at page 20, 66 NE2d 873, the Supreme Court said, "The rule adopted in this State is that anyone who is acquainted with the property and has knowledge of values, either in the sale or ownership of property nearby, is competent to testify. The question of the degree of his experience is one of weight and not of competency of his testimony." Under this rule, the court properly admitted the testimony.

We have examined Mauvaisterre Drainage & Levee Dist. v. Wabash Ry. Co., 299 Ill 299, 132 NE 559, City of Elmhurst v. Rohmeyer, 297 Ill 430, 130 NE 761, Buis v. Peabody Coal Co., 41 Ill App2d 317, 190 NE2d 507, and City of Chicago v. Giedraitis, 14 Ill2d 45, 150 NE2d 577, cited by defendant, and find them so clearly distinguishable on the facts as to require no further discussion.

The only grounds upon which defendant objected to the testimony of High, Hager and Richards are those enumerated in the foregoing discussion. Plaintiffs contend that defendant, in failing to object to the testimony on the ground that the nuisance was shown to be abatable tried the case on the theory that it was permanent. Plaintiffs argue that having tried the case on that theory, defendant, by the contentions here presented, seeks to change its theory on appeal.

In view of our decision of the other issues presented, we do not reach this question.

We find no reversible error and the judgment of the Circuit Court of Christian County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.