ROBERT LE FLORE, Plaintiff-Appellee, *v.* CHICAGO TRANSIT AUTHORITY, Defendant-Appellant.

(No. 57571;

First District (4th Division)—May 16, 1973.

72

James G. O'Donohue, Jerome F. Dixon, and Joseph Luby, all of Chicago, for appellant.

Joseph A. Rosin and Victor H. Goulding, both of Chicago, (Joseph A. Rosin, of counsel,) for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The plaintiff, Robert Le Flore, brought this action in the Circuit Court of Cook County to recover damages for personal injuries sustained while allegedly a passenger on a bus operated by the defendant, Chicago Transit Authority. The jury returned a verdict of $10,000 in favor of the plaintiff, upon which judgment was entered, and the defendant appealed.

The jury returned its verdict on October 27, 1971, and assessed the plaintiff's damages at $10,000. The trial court entered judgment upon

this verdict immediately; however, this was apparently unknown to the plaintiff who filed a post trial motion to increase the *ad damnum* of his complaint, which had been stated at $7,500, to conform to the verdict. The defendant also filed a post trial motion seeking a new trial. The defendant's motion was denied on January 11, 1972, and the plaintiff withdrew his motion to increase the *ad damnum* on March 14, 1972. The defendant filed its notice of appeal on April 11, 1972.

The defendant raises two issues on appeal: whether the court erred in refusing to give to the jury a special interrogatory tendered by the defendant and whether the court erred in refusing to grant the defendant a new trial because of the plaintiff's allegedly perjured testimony. The plaintiff raises a third issue: whether this court has jurisdiction of the present appeal.

We turn our attention first to the question of jurisdiction. The plaintiff points out that the notice of appeal was filed ninety-one days after the entry of the order denying the defendant's post trial motion and contends, therefore, that it was not filed within the time required by the statute. (See Ill. Rev. Stat. 1971, ch. 110A, par. 303.) He argues that filing the notice within the specified time is jurisdictional and cannot be waived. (Ill. Rev. Stat. 1971, ch. 110A, par. 301; *Wishard v. School Directors of District No. 11,* 279 Ill.App.333.) The plaintiff has previously raised these contentions in a motion to dismiss the appeal filed in the trial court, which was denied, and in a motion in this court, which was likewise denied. Upon considering them a second time we again conclude that they are without merit.

■■ We do not disagree with the law to which the plaintiff calls our attention. The requirement is that the notice of appeal be filed with the Clerk of the Circuit Court within 30 days after the entry of the final judgment appealed from, or, if a timely post trial motion is filed, within 30 days after the entry of the order disposing of the motion. (See Ill. Rev. Stat. 1971, ch. 110A, par. 303.) In the present case, both parties filed post trial motions. The defendant's motion was disposed of on January 11, 1972, but the plaintiff's motion pended until March 14, 1972, when it was withdrawn. Therefore the defendant's notice of appeal, which was filed on April 11, 1972, was within 30 days of the disposition of the plaintiff's post trial motion and was timely. In view of this we conclude that this court has jurisdiction of the present appeal and we so hold.

We next turn our attention to the issues raised by the defendant, beginning with whether the court improperly refused to give the defendant's special interrogatory. A thorough understanding of this issue

requires that some of the evidence presented at trial be set forth. The plaintiff testified that his injuries occurred on December 21, 1967, when he boarded the defendant's bus at the corner of Monroe Street and Homan Avenue. As he did so, the driver closed the door on his leg and drove for approximately two blocks in that manner down Homan to its intersection with Jackson Boulevard. When the bus ultimately pulled to the curb, the plaintiff's left foot, which was outside the bus, struck a fire plug, breaking his leg. Police and a fire department ambulance were called, and the defendant was transported to Cook County Hospital for treatment. This testimony was corroborated by James Johnson, an acquaintance of the plaintiff, who was with him on the bus.

Donald O'Sullivan, an investigator for the Chicago Transit Authority, testified on behalf of the defendant that he visited the site of the incident and that there is no fireplug there. The records custodian of Cook County Hospital testified that she could not locate any medical records of a Robert Le Flore for the period December 21, 1967, to April 1, 1968. Richard Iwanowski, a Chicago police officer, testified that his beat included the area of the accident on December 21, 1967, and that he did not recall investigating any accident there on that date and had made no report of any.

The special interrogatory in question is as follows:

"Was the plaintiff treated in any way by Cook County Hospital for any alleged injuries resulting from the alleged occurrence on the Chicago Transit Authority but on December 21, 1967?"

The defendant argues that this was a material issue because of the conflicting inferences to be drawn from the plaintiff's testimony that he was treated at Cook County Hospital immediately following the accident and the testimony of the records custodian that she could locate no medical records for him. We will not dispute that the issue may have been material; however we do not agree that it was the proper subject of a special interrogatory.

■■■ Section 65 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 65) provides that:

"The jury may be required by the court, and must be required upon the request of any party, to find specially upon any material question or questions of fact stated to them in writing."

However, a special interrogatory is not proper unless it relates to an ultimate fact in the case and unless an answer responsive to it would be inconsistent with some general verdict which might be returned upon the issues in the case. (*Kaspar v. Clinton-Jackson Corp.*, 118 Ill. App.2d 364; *Hulke v. International Mfg. Co.*, 14 Ill.App.2d 5.) A special interrogatory which asks for a finding as to a mere evidentiary fact is

never proper. *Theesfeld v. Eilers,* 122 Ill.App.2d 97; *Hulke v. International Mfg. Co.,* 14 Ill.App.2d 5.

■■ An affirmative answer to the special interrogatory tendered by the defendant in the present case would not be inconsistent with the general verdict returned by the jury. In addition, it is apparent from the defendant's own argument in its favor that its materiality lies in the fact that it seeks a finding which would render more or less probable the ultimate fact that the plaintiff was in an accident on December 21 and was injured. Therefore it seeks a finding on an evidentiary matter and is not proper. The trial court was correct in excluding it.

Finally we turn our attention to the defendant's contention that the court erred in refusing to grant a new trial because of the plaintiff's allegedly perjured testimony. The plaintiff testified that prior to December 21, 1967, he was employed at Martin Car Wash, located at 34th Street and California Avenue. He had worked there for approximately five and one half years and earned $155 per week. As a result of the injuries sustained in the accident he was unable to return to work for seven or eight months and, as a consequence, lost the wages that he would have earned during that period.

The defendant attached to its post trial motion the affidavit of Glenn Alexander, general manager of Martin Car Wash since 1966. Alexander stated in essence that a Mr. Le Flore had been employed as a casual laborer during April, 1967, and sometime prior to that, but Robert Le Flore had not been employed by the car wash in any capacity from May 1, 1967, to the date of the affidavit, which was November 16, 1971. The highest wage earned by Le Flore during the period that he was employed was approximately $2 per hour. The defendant contends that the plaintiff's testimony with respect to his lost wages influenced the jury in reaching its verdict and that the information contained in Alexander's affidavit indicates that this testimony was false.

In its post trial motion the defendant simply set forth the substance of Alexander's affidavit and argued that the verdict was obtained by fraud. In its brief and oral argument in this court it repeated this argument and also argued that the court erred in refusing to grant a short continuance of the trial so that Alexander could testify.

With respect to the court's failure to grant a continuance, the record reveals that the following colloquy occurred at the conclusion of the defendant's case:

"THE COURT: Next witness.

MR. LUBY: Your Honor, I have another witness but he is not available right now. I wonder if I could have a little time to get him over here.

THE COURT: Is he available now. Where is he?

Do you have a witness or don't you?

MR. LUBY: Yes, your Honor, but he isn't here right now.

THE COURT: Well, let's get on with it. I have other things to do this afternoon beside waiting for you.

MR. LUBY: Well, in that case, your Honor, at this time the defendant rests.

THE COURT: All right, we will have a recess."

■■■ In its brief the defendant argues that its request for a "short wait" until the witness arrived was tantamount to a motion for a continuance and that a motion for a continuance should not be denied where it is required by the ends of justice and a denial would be an abuse of discretion. While we agree with this as a general proposition we disagree with the conclusions which the defendant draws from it. The record indicates that the defendant made no attempt to inform the court as to the identity of its witness or the significance of his testimony. When the court indicated that it was not inclined to prolong the trial the defendant rested its case without further objection. Under these circumstances we can hardly say that the court abused its discretion. Had the defendant made a proper offer of proof or had it formally requested a continuance and given the court some ground upon which to grant such a request we might conclude otherwise. Taking the record as it is presented to us, however, we believe that the trial court's action was entirely proper.

■■ With respect to the defendant's argument that the court erred in refusing to grant a new trial because of the information contained in Alexander's affidavit, we believe it fundamental that whenever a new trial is sought on the basis of newly discovered evidence the party seeking it must demonstrate that the evidence could not have been discovered prior to trial. (*Pritchett v. Steinker Trucking Co.*, 40 Ill.2d 510.) In the present case the defendant argues that it was diligent in attempting to obtain information concerning the plaintiff's employment prior to trial in that on two occasions it requested the court to order the plaintiff to appear for a deposition. It appears from the record that the plaintiff never complied with these orders. It also appears that despite this, the defendant took no further action to insure compliance. More than three years elapsed between the time that the suit was filed and the date of trial, and the defendant had ample opportunity to request that the court invoke one of the many sanctions provided for in the Civil Practice Act. (See Ill. Rev. Stat. 1971, ch. 110A, par. 219.) This it did not do. Therefore, we believe that the trial court was correct in finding that the defendant did not demonstrate diligence in discovering the

details of the plaintiff's employment and in denying its motion for a new trial.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

ADESKO and DIERINGER, JJ., concur.