GARY H. JENKINS, Plaintiff-Appellant, *v.* JAMES BOBROWICZ *et al.*, Defendants-Appellees.

Second District    No. 80-723

Opinion filed June 19, 1981.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Thomas A. Brabec and Stephen R. Swofford, of counsel), for appellant.

Fawell, James & Brooks, of Naperville (Jeffrey J. Knuckles and Melissa Washburn, of counsel), for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

In a trial to recover for injuries received by the plaintiff Gary H. Jenkins as the result of an intersection collision with the defendant James Bobrowicz, a jury entered a general verdict for the plaintiff in the amount of $10,500, but also, in answer to a special interrogatory, found the plaintiff guilty of contributory negligence. The trial judge found that the jury's answer to the special interrogatory was against the manifest weight of the evidence and that section 65 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 65) was unconstitutional. He first entered judgment for the plaintiff on the general verdict, but subsequently on his (the court's) own motion ordered a new trial. We granted defendants' motion for leave to appeal. Ill. Rev. Stat. 1979, ch. 110A, par. 306.

On June 8, 1978, plaintiff, while on his motorcycle on Loomis Avenue in Naperville, collided with defendant's automobile at the intersection of Loomis Avenue and Fifth Street. The intersection is a three-way stop. Plaintiff was traveling northbound on Loomis, which does not have a stop sign. The speed limit on Loomis is 30 mph. Defendant, traveling westbound on Fifth Street, had a traffic signal 20 feet from the curb line on Loomis Avenue.

Plaintiff testified that he was traveling at a speed of 25 to 30 mph, that he was about 150 feet from the intersection when he first saw defendant,

and that he saw defendant proceed through the stop sign and into the intersection. He indicated that when he saw defendant proceed into the intersection he applied his brakes and tried to veer around the rear of defendant's auto. However, he hit defendant's left front fender.

Defendant testified that he had stopped at the traffic signal, but that he pulled forward about half way into the intersection to get a better view of the traffic because his view was partially blocked by a truck trailer lot located south on Loomis. He indicated that plaintiff was about 150 feet from the intersection and traveling over the speed limit when he first saw him. He averred that plaintiff did not reduce his speed as he approached the intersection and failed to take any evasive action immediately prior to the accident. Defendant's wife, who was in the automobile behind defendant, testified that defendant stopped at the stop sign, then he proceeded to edge out into the intersection. She indicated that the plaintiff was traveling at a speed of about 50 mph, and that plaintiff failed either to reduce his speed or to take other evasive actions to avoid the accident.

Lee and Eric Hellwig, who were traveling eastbound on Fifth Street, testified that plaintiff was traveling at a speed of between 35 and 40 mph. Eric Hellwig testified that plaintiff did not reduce his speed until immediately prior to the accident, when he slammed on his brakes. He further indicated that plaintiff had plenty of room to proceed in front of defendant's car without encountering southbound traffic on Loomis. Lee Hellwig further testified that plaintiff did not take any evasive action prior to the accident and that he failed to reduce his speed. Joanne Guercio, who was traveling south on Loomis, was stopped at the intersection. The witness was not sure whether defendant had completely stopped before entering the intersection. Joanne further testified that when she first saw plaintiff's motorcycle, he was traveling 25-35 mph and was two to three car-lengths south of the intersection. She indicated that plaintiff failed to take any evasive action prior to the collision.

We first conclude that the trial judge erred in holding that the answer to the special interrogatory was against the manifest weight of the evidence. There is no dispute over the fact that the plaintiff was on a preferential road, but the remaining evidence is conflicting. Plaintiff admitted that he saw defendant when his motorcycle was 150 feet from the intersection. There was testimony from both defendants and from impartial eyewitnesses that plaintiff was speeding and that he neither reduced his speed nor took any evasive action to avoid the accident.

"[A] verdict is against the manifest weight of the evidence when an opposite conclusion is clearly apparent or the finding of the jury appears to be unreasonably arbitrary and not based on the evidence." (*Banwart v. Okesson*, (1980), 83 Ill. App. 3d 222, 227.) It has long been held that a

driver on a preferential highway generally has the right-of-way over drivers on nonpreferential roads, but does not *per se* have the absolute or unqualified privilege to proceed regardless of the circumstances. (See, *e.g., Pennington v. McLean* (1959), 16 Ill. 2d 577, 583. See also *Anderson v. Basham* (1977), 55 Ill. App. 3d 209, 212; *Gettemy v. Grgula,* (1975), 25 Ill. App. 3d 625, 628.) In *Anderson,* the defendant was edging his car into a very busy "T" intersection where he had a stop sign when he was hit by the plaintiff, who was apparently speeding on the preferential highway. The court upheld the jury verdict against the plaintiff. In *Grgula,* defendant had edged out into the highway to get a better view of the traffic. The plaintiff expressly admitted that he saw defendant's car at the intersection. There was no testimony that plaintiff sounded his horn, slowed down or took any other compensating action to avoid a potential collision. In these circumstances the jury's finding that plaintiff was contributorily negligent was upheld. In *Fincham v. Cooney* (1976), 42 Ill. App. 3d 719, the car in which the plaintiff was riding had the right-of-way on a preferential highway. A car ran a stop sign and hit it. No one in the other car remembered what happened and both in plaintiff's car were dead. It was raining on the day of the accident, there were no skid marks and the wheels on plaintiff's car were directed straight ahead after the accident. On this evidence the court found the question of the driver's negligence in failing to avoid an accident was a jury question.

On the circumstances before us, the jury could find that the plaintiff failed to take any reasonable alternative available to avoid the accident. Defendant, his wife and three disinterested witnesses all testified that plaintiff neither reduced his speed, sounded his horn nor turned his wheel to avoid the accident, although, as plaintiff admitted, he saw defendant when he was 150 feet from the intersection. At 30 mph, this would be a sufficient distance to make it a jury question whether the plaintiff had time to react. In these circumstances, the case of *Hale v. Cravens* (1970), 129 Ill. App. 2d 466, relied on principally by the trial judge and by the plaintiff, is clearly distinguishable. In *Hale* plaintiff was proceeding on a preferential highway at a speed of over 65 mph. Defendant attempted to cross the highway. Plaintiff testified that when he saw defendant's car he was three to four car lengths away and could not do anything. The court concluded that there were no circumstances of distance or speed which the plaintiff-driver failed to properly consider and that the danger was not discovered until the collision was imminent and unavoidable.

Under the Illinois Civil Practice Act, when the special finding of fact is inconsistent with the general verdict, the special finding "controls." (Ill. Rev. Stat. 1979, ch. 110, par. 65.) Since we have concluded that the special finding that plaintiff was contributorily negligent was not against the manifest weight of the evidence, plaintiff would be barred from recovery

under the negligence principles in effect at the time the case was decided. The plaintiff, however, contends that section 65 of the Civil Practice Act is unconstitutional and therefore that judgment should be entered on the general verdict in his favor in the amount of $10,500, or in the alternative that he should have a new trial.

The trial court concluded that section 65 was unconstitutional on the basis of the appellate court opinion in *Albaugh v. Cooley* (1980), 88 Ill. App. 3d 320, which is now on leave to appeal granted by the Illinois Supreme Court. We are faced directly with the constitutional issue in this appeal. In *Albaugh*, only one justice, the author of the appellate court opinion, found section 65 to be unconstitutional; one concurring justice indicated that the court could reverse the trial court without holding section 65 to be unconstitutional; the third expressed his belief that section 65 was constitutional.

It is our view that section 65 is not an unconstitutional invasion of the judiciary's inherent powers under the separation doctrine. Section 65 provides, in relevant part, "When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly." (Ill. Rev. Stat. 1979, ch. 110, par. 65.) It is couched in permissive terms ("the court *may* render judgment" (emphasis added)). It provides that when the special finding of fact is inconsistent with the general verdict, the former "controls." (*Borries v. Z. Frank, Inc.* (1967), 37 Ill. 2d 263, 266.) Courts, in construing this section, have held that where the special verdict is unsupported by substantial evidence or is contrary to the manifest weight of the evidence, it is not binding. (*Zygadlo v. McCarthy* (1974), 17 Ill. App. 3d 454, 457.) The section, moreover, is essentially declarative of long-established common law. (See, *e.g.*, *Albaugh v. Cooley* (1980), 88 Ill. App. 3d 320, 331.) In essence, it gives a litigant a right to have a question of ultimate fact determined by a jury (*Borries v. Z. Frank, Inc.* (1967), 37 Ill. 2d 263, 266), and legislation can reasonably regulate court procedure to the extent it protects this right. *People v. Spegal* (1955), 5 Ill. 2d 211, 220; *cf. Stephens v. Kasten* (1943), 383 Ill. 127, 132.

We conclude that the provisions of section 65 of the Illinois Civil Practice Act "do not unduly infringe upon the inherent powers of the judiciary" (*Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 149); and that the section is therefore constitutional. Since we have concluded that the answer to the special interrogatory was not against the manifest weight of the evidence, we reverse and remand with directions that judgment be entered on the special interrogatory.

Reversed and remanded with directions.

LINDBERG and NASH, JJ., concur.