FLORENCE TURNER, Plaintiff-Appellant, *v.* RALPH THOMPSON *et al.*, Defendants-Appellees.

First District (5th Division)    No. 80-2371

Opinion filed December 11, 1981.

Walter M. Ketchum, Ltd., of Chicago (Patrick S. Moore, of counsel), for appellant.

Herbert F. Stride, Ltd., of Chicago, for appellees.

JUSTICE MEJDA delivered the opinion of the court:

This action was brought to recover damages for personal injuries sustained when the plaintiff fell on the premises owned by defendants, Ralph Thompson and Billie Thompson. The plaintiff's complaint sounded in both negligence and nuisance. The defendants counterclaimed for allegedly unpaid rent and damages to the premises. The jury rendered a general verdict in favor of plaintiff on the complaint in the amount of $30,000 and in favor of the defendants on the counterclaim in the amount of $175. However, the jury answered a tendered special interrogatory finding the plaintiff contributorily negligent. The court vacated the general verdict and entered judgment in favor of the defendants on both the complaint and counterclaim. Plaintiff appeals, presenting the following issues for review: (1) whether the special interrogatory is an unconstitutional device; (2) whether the special interrogatory is in conflict with Illinois Pattern Jury Instructions, Civil, No. 1.01 (2d ed. 1971) (hereinafter cited as IPI Civil); (3) whether the special interrogatory was in proper form; (4) whether certain jury instructions were in error; (5) whether the trial court erred in entering judgment on the special verdict; and (6) whether defense counsel's question regarding plaintiff's failure to file an income tax return was so prejudicial as to warrant the granting of a new trial. No issues are raised as to the counterclaim. We reverse the judgment entered on the special finding and remand the cause with directions to enter judgment in favor of plaintiff.

The following testimony adduced at trial is relevant for determination of this appeal.

In April of 1975, plaintiff leased an apartment from defendants Ralph Thompson and Billie Thompson under an oral agreement whereby the plaintiff agreed to pay $175 per month for the apartment and would do any necessary minor repairs. The defendant Ralph Thompson agreed to do the necessary major repairs. Sarah Thompson collected the rent and would send it to her brother-in-law Ralph Thompson who resided in Tennessee.

During the trial Florence Manninen (nee Turner), Sidney Manninen, now her husband, and her daughters, Lola Brion, Sandy Turner and Patti Turner, all testified that during plaintiff's tenancy there was never an operative light on the back porch and stairway of the building in question.

On September 27, 1975, at about 10:30 p.m., the plaintiff began to descend the back steps of the building while assisting an elderly dinner guest. As she began her descent, she had hold of her elderly guest's right arm with her left arm. Plaintiff was doing this because she was worried about the stairs. At the same moment she was reaching for the bannister

with her right arm. The plaintiff fell three or four stairs, resulting in a fractured ankle.

The lighting in the front entrance to the building was always in working condition. Plaintiff used the back stairway at night maybe once a week. She would use a flashlight every time she used those stairs at night and would make her daughters use a flashlight also. She did not use a flashlight on the night of the accident.

The plaintiff presented expert testimony from an electrician. He went to the premises and took photographs of the scene and inspected the electrical system on the stairwell. He testified that the light was inoperative and not appropriate for that particular area.

Count I of plaintiff's two-count complaint alleged that the defendants negligently failed to inspect and repair the lights on the rear exit or stairs of the building. Count II alleged that plaintiff was injured as a result of a public nuisance caused by defendant's failure to adequately light the rear exit or stairs of the building in violation of the Municipal Code of Chicago, section 67—17. Defendants Ralph Thompson and Billie Thompson counterclaimed for alleged unpaid rent and damage to the premises. At the close of the plaintiff's case Sarah Thompson was dismissed as a party on motion of defendants without objection by plaintiff.

The jury found in favor of the plaintiff and against the defendants on the complaint, awarding plaintiff $30,000 damages in the general verdict. However, the jury also answered in the affirmative the following special interrogatory: "Just before and during the occurrence was the plaintiff guilty of contributory negligence, which was the direct and proximate cause of her own injury."

The plaintiff moved that the finding on the special interrogatory be vacated as against the manifest weight of the evidence, and being unconstitutional. This motion was denied. The defendants moved that the general verdict be vacated and the court enter judgment against plaintiff and in favor of the defendants. This motion was sustained. A post-trial motion filed by the plaintiff was denied.

Opinion

Plaintiff initially challenges the constitutionality of section 65 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 65). Under this provision, when a special finding of fact is inconsistent with the general verdict, the special finding "controls." Citing the appellate court opinion in *Albaugh v. Cooley* (1980), 88 Ill. App. 3d 320, 410 N.E.2d 873, plaintiff urges essentially that the special interrogatory is an unconstitutional device. During the pendency of this appeal the Illinois Supreme Court reversed *Albaugh* and held that the use of the special interrogatory as proscribed by the legislature under section 65 is proper. (*Albaugh v.*

*Cooley* (1981), 87 Ill. 2d 241, 429 N.E.2d 837.) Also, the appellate court opinion in *Jenkins v. Bobrowicz* (1981), 97 Ill. App. 3d 526, 422 N.E.2d 1132, held that section 65 was not an unconstitutional invasion of the judiciary's inherent powers under the separation doctrine. We believe that the above cases dispose of plaintiff's constitutional arguments with respect to section 65, and we will be guided by these decisions in our conclusions in the instant case.

■■ Plaintiff has also argued that section 65 is in conflict with IPI Civil No. 1.01, which provides, in part:

> "[2] The law applicable to this case is contained in these instructions and it is your duty to follow them. You must consider these instructions as a whole, not picking out one instruction and disregarding others." (IPI Civil No. 1.01[2].)

Plaintiff's contention is that the special interrogatory in this case requires the jury to pick out one instruction dealing with contributory negligence, and thus highlights it above all other instructions. This argument is without merit. Instruction 1.01 is a cautionary instruction. The comment accompanying it clearly sets out that "[t]his instruction is designed to prevent jurors from capriciously selecting one of several statements of law and using it in their deliberations out of context with the whole charge." (IPI Civil No. 1.01[2], Comment.) The instruction guarantees that the jury will not follow one rule of law in the instructions at the expense of another rule of law given in the instructions. The special interrogatory requires the jury to respond regarding one or more issues of ultimate fact. It does not require the jury to consider one rule of law above all others submitted in the instructions. Therefore, in our view section 65 is not in conflict with the Illinois Pattern Jury Instructions as promulgated by our supreme court.

Plaintiff next argues that the special interrogatory was improper because it was incapable of controlling the general verdict. Plaintiff contends that in an action for nuisance the question of plaintiff's contributory negligence is not an issue. (*Menolascino v. Superior Felt & Bedding Co.* (1942), 313 Ill. App. 557, 40 N.E.2d 813.) Thus, plaintiff concludes that where the general verdict was premised upon two theories of liability, one sounding in negligence and the other sounding in nuisance, the special interrogatory was incapable of controlling the verdict, and therefore its submission to the jury was error.

Defendants argue, on the other hand, that contributory negligence is a defense to an action based on nuisance, particularly when such nuisance has its origin in negligence. (See, *e.g.*, *McFarlane v. City of Niagara Falls* (1928), 247 N.Y. 340, 160 N.E. 391.) We note that the recent decision in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, has no effect on the decision here because this trial commenced prior to June 8, 1981, the date

on which *Alvis* became effective. Accordingly, the law of contributory negligence prior to *Alvis* is germane to this appeal.

■■ In the instant case the parties have raised no issues on the pleadings and have conceded in their respective briefs that plaintiff's complaint sounded in both negligence and nuisance. We find it unnecessary therefore to consider the viability of plaintiff's "nuisance" claim. We note parenthetically that historically there has been much confusion surrounding the characterization of the word "nuisance" and it appears that a wide range of subject matter is embraced under this term. (See generally Prosser, Torts §91 (4th ed. 1971).) Ordinarily, however, neither the negligence of the defendant nor the contributory negligence of the plaintiff is involved in an action with respect to a nuisance. (*Belmar Drive-In Theatre Co. v. Illinois State Toll Highway Com.* (1966), 34 Ill. 2d 544, 216 N.E.2d 788; *Menolascino v. Superior Felt & Bedding Co.* (1942), 313 Ill. App. 557, 40 N.E.2d 813; see generally 29 Ill. L. & Prac. *Nuisance* §13 (1957); 66 C.J.S. *Nuisances* §11 (1950); see also *Richards v. Village of Edinburg* (1968), 97 Ill. App. 2d 36, 239 N.E.2d 479.) A municipality has the power to declare anything a nuisance which is either a nuisance *per se*, or a nuisance at common law or statute. (See, *e.g.*, *Village of Riverwoods v. Untermyer* (1977), 54 Ill. App. 3d 816, 369 N.E.2d 1385.) The condition or use of property may constitute a nuisance where some legal right, either private or public, is violated thereby. See, *e.g.*, *Canal Melting Co. v. Columbia Park Co.* (1900), 99 Ill. App. 215.

■■ In the instant case plaintiff premises her count in nuisance upon the defendants' alleged failure to adequately light by electricity the exit to the dwelling leased by her from the defendants in violation of the Municipal Code of Chicago, section 67—17. This section provides that all exits from dwellings shall be adequately lighted by electricity. The Municipal Code also provides that "[e]very building or structure maintained in violation of the building provisions of this code, or which is in an unsanitary condition, or in an unsafe or dangerous condition, or which in any manner endangers the health or safety of any person or persons, is hereby declared to be a public nuisance." (Chicago Mun. Code §99—4.) The record before us indicates that the nuisance count was pleaded and tried as an action for damages for a public nuisance. Such being the case, the question of plaintiff's contributory negligence is irrelevant to defendants' liability under the above stated principles.

■■ It is well settled in Illinois that a special interrogatory is not proper unless it relates to an ultimate fact in the case and unless an answer responsive to it would be inconsistent with the general verdict which might be returned upon the issues in the case. (*Gasbarra v. St. James Hospital* (1979), 85 Ill. App. 3d 32, 406 N.E.2d 544; *Le Flore v. Chicago Transit Authority* (1973), 12 Ill. App. 3d 71, 297 N.E.2d 758.) If the special

interrogatory does not reach the ultimate issue and is not inconsistent with the general verdict, then to rule that the special finding controls the general verdict is error. *Lancaster v. Jeffrey Galion, Inc.* (1979), 77 Ill. App. 3d 819, 396 N.E.2d 648.

In the instant case it is conceded that plaintiff pleaded both negligence and nuisance. Further, plaintiff adduced evidence at trial regarding the "inoperative" and "inappropriate" condition of the lighting on the exit of defendants' building. Therefore, in order to submit a proper interrogatory in this case, the court would have had to submit an interrogatory that would be inconsistent with both negligence and nuisance.

■■ An inconsistency between a special interrogatory and the general verdict exists only when the special findings are clearly and absolutely irreconcilable with the general verdict. (*Lanning v. Wiatr* (1979), 76 Ill. App. 3d 135, 394 N.E.2d 873.) Where the special findings do not cover all of the issues submitted to the jury and are not solely determinative of the case, the general verdict will control. See, *e.g.*, *Cohen v. Sager* (1971), 2 Ill. App. 3d 1018, 278 N.E.2d 453; *Smith v. McCarthy* (1889), 33 Ill. App. 176.

■■ Accordingly, we hold that since the plaintiff's contributory negligence was irrelevant to her action for damages for a public nuisance, the special finding in response to that special interrogatory could not be inconsistent with the general verdict rendered in favor of the plaintiff and was, therefore, not in proper form. Consequently, the trial court's order vacating the general verdict and entering judgment on the special finding was in error. In view of our decision, we need not consider the remaining issues initially set forth in this appeal.

For the reasons stated herein, the order vacating the general verdict and entering judgment on the special finding is reversed and the cause is remanded with directions to enter judgment on the general verdict in favor of the plaintiff allowing credit for the award on the counterclaim.

Reversed and remanded, with directions.

LORENZ and WILSON, JJ., concur.