FRANK CRAM & SONS, Appellees, v. CENTRAL TRUST COMPANY et al., Appellants.

November 15, 1927.

Rehearing Denied February 17, 1928.

*Stipp, Perry, Bannister & Starzinger,* for appellants.

*Clark, Byers & Brunk,* for appellees.

Wagner, J.—The appellant Central Trust Company is a banking corporation. Since the time of the commencement of this action, as the result of receivership proceedings, the appellant L. A. Andrew, superintendent of banking, has been appointed receiver thereof.

This is an action at law, to recover money received by the appellant Central Trust Company, alleged by the appellee to

have been wrongfully detained. The appellants deny liability, it being claimed by them that the appellant Central Trust Company has rendered a true account of all moneys received.

On February 9, 1920, the appellee entered into a contract with the city of Des Moines, for the grading of one of its streets. Thereafter, the appellee and the appellant Central Trust Company executed a contract, the material portion of which, in so far as the controversy herein is concerned, is as follows:

"This agreement made and entered into this 10th day of April, 1920, by and between the Central Trust Company of Des Moines, hereinafter referred to as first party, and Frank Cram & Sons, of Des Moines, Iowa, hereinafter referred to as second party, witnesseth:

"Whereas, second party has entered into a contract dated Feb. 9, 1920, with the city of Des Moines, Iowa, for the grading of West Fifth Street from Chestnut Street to School Street amounting to about 128,000 cubic yards estimated cost under contract $190,000 at the cost of approximately $——

"Whereas, by the terms of said contract second party will receive in payment for the work cash and warrants, special assessment certificates or bonds bearing interest at the rate of six per centum per annum.

"Now, therefore, it is agreed by and between the parties hereto as follows:

"First. Second party agrees to sell and deliver to first party at its office in Des Moines, Iowa, and first party agrees to purchase as hereinafter set forth, all of the cash, bonds, certificates and warrants, which said second party shall be entitled to receive from said city in connection with said contract, for the face thereof, less a discount of three (S. R.) per cent of the total amount of the schedule for such improvement, whether said amounts are paid in cash, certificates, bonds or warrants, it being understood that interest for 30 days accrued on property assessments and on said warrants, certificates or bonds shall go to first party. Settlement for said schedule shall be made between the parties hereto and all cash, bonds, certificates and warrants delivered to first party at the time same are ready for delivery to second party under the terms of said contract with said city.

"Second. In consideration of the agreement of second party, first party agrees to advance to second party as the work on said contract progresses 50% (F. C.) of the monthly estimates of completed work to be furnished by the city engineer of the city of Des Moines. Estimates shall be furnished to first party before any money is so advanced and second party agrees that all money so advanced shall be used in payment for labor and material in connection with said contract and for no other purpose * * *

"Third. At the time each advancement referred to above is made by first party, if desired by first party, second party agrees to execute a promissory note or notes for the money so advanced, which advancement, whether notes or otherwise, shall bear interest at the rate of 7 per cent per annum, and shall be payable to first party at its office in Des Moines, Iowa, on or before Dec. 31, 1920."

There is also a provision in the contract for an assignment, as security for the payment of money to be advanced by the Central Trust Company, of all proceeds growing out of appellee's contract with the city of Des Moines.

As the work called for by appellee's contract with the city of Des Moines progressed, in 1920, the Central Trust Company, as per the aforesaid contract, advanced the sum of $107,600,  and the appellee, on the dates of the respective advancements, executed its notes for the amounts advanced, due and payable December 31, 1920, and bearing interest at 7 per cent per annum. The work not being completed in 1920, further advancements were required and made by the Central Trust Company in 1921, and for said advancements, on the dates when made, the appellee executed its promissory notes, due at a later date, with the same provision as to interest. Settlement was not perfected, as between the appellee and the city of Des Moines, until May 20, 1924, when it chose to pay in improvement bonds, which were delivered by the city to the said bank, and disposed of by sale, and by reason thereof, the Central Trust Company received the sum of $270,877.50. The appellee paid neither the principal nor the interest on its notes as they became due. For the aforesaid notes, which were due December 31, 1920, and for the notes executed for the advancements made in 1921, the appellee

executed renewal notes, which included both the principal and interest due on the original notes, said renewal notes bearing 7 per cent interest. As the renewal notes became due, the appellee not having perfected a settlement with the City of Des Moines, they were renewed in the same manner, and for the obligation owed by the appellee to the Central Trust Company, said notes were renewed eleven times, each time the interest being added to the principal, and at each renewal the notes formerly executed were surrendered to the appellee. The last notes, thirteen in number, aggregating $140,600, were executed December 31, 1923, and were due and payable May 1, 1924.

At the time of the receipt by the Central Trust Company of the proceeds of the bonds, to wit, May 20, 1924, the bank computed the interest due on the aforesaid notes from December 31, 1923, to that date, said interest amounting to $3,854.82, and withheld the principal amount of the last renewal notes, in the sum of $140,600, and said interest due thereon, in the sum of $3,854.82, and paid to the appellee, or on its order, the remainder of the proceeds of the bonds. It will thus be observed that the bank in this manner has received interest upon interest.

The contention of the appellee is that this reckoning is improper, and that all the Central Trust Company is entitled to by way of interest is 7 per cent per annum from the date of the respective advancements to May 20, 1924, the difference being the sum of $4,219.06, the amount for which the trial court directed a verdict in favor of the appellee. If, under the contract between the appellee and the Central Trust Company and their subsequent negotiations and dealings, the appellant is right in withholding said sum of $4,219.06, then the action of the trial court in overruling the appellants' motion for directed verdict, and sustaining a like motion for appellee, is wrong.

In arriving at the proper solution of the question thus presented for our determination, it is necessary to take into consideration the provisions of the aforesaid contract between the appellee and the Central Trust Company, what they contemplated doing, and what, in the light of the situation with which the parties were confronted, they, by their subsequent negotiations, acts, conduct, and dealings, actually did in regard to the matter. It is obvious that the parties, at the time of the execution of the contract, contemplated that the work which the

appellee was to do for the city of Des Moines would be completed and full settlement made during the year 1920; for the contract provides, in specific terms, that the appellee was to pay the amounts of the advancements made on December 31, 1920. The appellee, as per the contract, could not pay at any other time. While, in the first paragraph of the aforesaid contract, it provides for settlement, yet that settlement was only for the schedule as therein specifically mentioned. The time when the appellee was to pay for the advancements is stated in the third paragraph of said contract. While the contract provided that each advancement made shall be payable on or before December 31, 1920, it is manifest that the advancements made in 1921 could not become due before they were made, and the parties, with reference thereto, put a practical construction upon the contract, making the notes for the advancements made in 1921 due within a reasonable time subsequent to their dates. On December 31, 1920, the sum of $107,600 and interest thereon was due, according to the contract and the notes given therefor. Instead of paying the same when due, which the contract, as well as the notes, required, they were renewed for both the principal and the interest. Here again, the parties placed a practical construction upon their contract.

"Where the parties to a contract have given it a practical construction by their conduct, as by acts in partial performance, such construction is entitled to great, if not controlling, weight in determining the proper interpretation, particularly where such interpretation is agreed on before any controversy has arisen." 13 Corpus Juris 546.

The appellee voluntarily renewed the notes from time to time, as they became due. At the time when the original notes became due, and at the time of each renewal, there was an extension of time for the payment of the obligation. The extension of time for payment of a debt is sufficient consideration for the note of the debtor. 8 Corpus Juris 236; *Zimbelman & Otis v. Finnegan*, 141 Iowa 358; *Wormer & Sons v. Waterloo Agricultural Works*, 50 Iowa 262. The appellee raised no question or controversy whatever as to the interest included in its notes executed from time to time, until the time of final settlement, on May 20, 1924. The amount then due from the appellee to the

**414**

Central Trust Company was the amount due on the thirteen notes executed on December 31, 1923. All of the renewal notes having been executed for a valuable consideration, the amount actually due from the appellee to the Central Trust Company at the time of the final settlement, May 20, 1924, was the amount as contended for by the appellants. It is quite clear that the amount to which the appellee was indebted to the Central Trust Company on May 20, 1924, was the amount of principal and interest due on the notes executed December 31, 1923, and that the bank made a full accounting of all moneys received. Therefore, the trial court should have sustained the appellants' motion for a directed verdict, and should have overruled the one made by the appellee. Our holding makes it unnecessary to consider or discuss other propositions presented in appellants' brief and argument.

Our conclusion disposes of the entire case. The record presents, therefore, a proper case in which we may reverse without  order for new trial, under the rule that this court may render such judgment as the lower court should have done. Section 12871, Code of 1924; *First Presbyterian Church v. Dennis,* 178 Iowa 1352; *McCarl v. Clarke County,* 167 Iowa 14; *First Sav. Bank v. Edgar,* 199 Iowa 1136.

The judgment below is reversed, and the cause remanded to the district court, with directions to enter judgment in favor of appellants, and against the appellee for the costs.—*Reversed and remanded with directions.*

Evans, C. J., and De Graff, Albert, and Morling, JJ., concur.