No. 47,105

CHESTER AAI LAWSON, and CARRIE L. LAWSON, *Appellees*, v. EARL EUGENE DURANT, *Appellant.*

(518 P. 2d 549)

Opinion filed January 26, 1974.

*Ray Hodge,* of Beaty, Hodge and Wood, of Wichita, argued the cause and was on the brief for the appellant.

*Kenneth F. Beck,* of Wichita, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action for damages to real property caused by waste. The case was tried to a jury which returned a verdict for the plaintiffs in the sum of $1,000 upon which the trial court entered judgment. The defendant has duly perfected an appeal.

The underlying issue is whether the action for damages based upon waste to the real property is outside the terms of the written installment sales contract for the purchase of the real property, where the contract provides for liquidated damages in case of default in the payment of installments.

· Chester Aai Lawson and Carrie L. Lawson (plaintiffs-appellees) entered into a written installment sales contract on September 17, 1969, with Earl Eugene Durant (defendant-appellant), whereby the appellees agreed to sell the appellant real estate located at 2359 Payne in Wichita, Kansas. The total purchase price was $8,750 with interest at the rate of eight per cent per annum. The buyer agreed to pay the sellers on or before the 17th day of September 1969, the sum of $90 and a like sum on or before the 17th day of each and every month thereafter until the full purchase price was paid. The monthly sum to be paid included the taxes and insurance.

The provisions of the contract material herein read as follows:

"Said 'Buyer' agrees further not to commit waste or permit the commission of waste on said premises, keep said premises in good repair, not to encumber said premises with improvements without the written consent of the 'Sellers', and not to use or permit the premises to be used for any illegal purpose, not to sell or transfer this agreement without the written consent of 'Sellers', and to permit the 'Sellers' to enter upon said premises at any reasonable time for the purpose of inspection of said premises.

"Said 'Sellers' and 'Buyer' further agree that time is the essence of this agreement and in case default is made and continued for a period of two calendar months in the payment of installments herein provided for, and the performance of any other condition herein to be performed by 'Buyer' the 'Sellers' may upon giving to 'Buyer' ten days written notice, declare the entire purchase price remaining unpaid to be due and payable and may rescend this agreement to sell and convey said premises, and that all sums paid on this agreement by 'Buyer' shall be retained by the 'Sellers' as reasonable liquidated damages for breach of contract, and in the event of the cancellation of this contract by the 'Sellers' as herein provided, the 'Buyer' agrees to peaceably surrender possession of said premises to 'Sellers.'"

The contract was duly executed and notarized on the 24th day of September 1969.

On or about the 18th day of October 1971, the appellant left the premises, and it is stipulated the appellees took possession of the real property and have retained all monies paid by the appellant, being the sum of $2,630. Possession of the real property and retention of the monies paid by the appellant to the appellees were made pursuant to the written agreement.

The appellees in their action alleged the appellant committed waste on the premises in the amount of $4,730 for which they brought suit.

With the issues framed the case was tried to the jury. The appellant at all stages of the proceeding made timely objection on the ground that the appellees' cause of action for waste was completely outside the terms of the written installment sales contract. This is the issue the appellant asserts on appeal.

Various factual issues framed by the pleadings were resolved by the trial, and the evidence taken at the trial is not set forth in the record. It is clear from the points asserted on appeal that only one question of law is presented.

The appellant contends the contract provides that in the event of the appellant's breach, the only remedies available to appellees are: (1) To declare the entire balance due and payable and sue the appellant on the deficiency, with appellant retaining the prop-

erty; or (2) to repossess the property and keep the monies previously paid by appellant as "reasonable liquidated damages." He argues that damages for waste are not available under the contract provisions, and since appellees have accepted benefits from the contract, *i. e., retained* $2,630, as liquidated damages and repossessed the land, they are precluded from maintaining an action for waste "outside the contract."

The appellant takes the position that a party cannot accept the benefits of a contract without being held responsible for the liabilities; that a party cannot affirm a contract in part and repudiate it in part. It is argued the appellees want the benefits by retaining the monies and taking possession of the property, but do not want to be bound as to the provisions agreed upon in writing by the parties as to the obligations and liabilities of the appellees.

It is argued that both the appellant and the appellees agreed as to what conditions would prevail in the event of default by the appellant. *Anderson v. Rexroad,* 180 Kan. 505, 306 P. 2d 137, is cited for the proposition that where the promise in a contract in writing is in the alternative to do one or the other of certain things, the promisor is bound to perform in one or the other ways specified. We fail to see merit in this argument.

The appellees' action for waste does not go beyond the terms of the written contract between the parties. One specific provision of the contract is that the buyer "agrees further not to commit waste or permit the commission of waste on said premises." In *addition thereto* the appellees, in case default is made and continued for a period of two months *in the payment of the installments due,* are given *the option* to declare the entire purchase price remaining unpaid to be due and payable, *or* to rescind the agreement to sell and convey the premises and retain all sums paid under the agreement as reasonable liquidated damages for breach of this covenant. In the event the appellees elected to rescind the contract under the provisions thereof, the appellant agreed to peaceably surrender possession of the premises to the sellers, as they did in this case.

A similar contract was before the court in *Factory R'lty Corp. v. Corbin-Holmes Shoe Co.,* 312 Mass. 325, 44 N. E. 2d 671 (1942). There the contract had a liquidated damages provision giving the lessee the right to cancel the lease after the first five years by waiving all claims to all prior payments made and by surrendering

all capital stock. The lessee cancelled the lease as it had the right to do under its provisions, but failed to perform the covenant to make and pay for all repairs that were necessary to preserve the premises and permitted them to deteriorate physically in many respects. Action was brought for breach of the covenant to make repairs. The court held that provisions of the contract relative to cancellation had no relation to damages in event of a breach of the covenant by the lessee to make necessary repairs. The court said cancellation of an agreement does not put an end to all the covenants and liabilities thereunder as though the covenants never existed.

A provision in a contract liquidating certain items of damage will not prevent the recovery of actual damages for other items to which the liquidation provision does not apply, unless the contract expressly provides that damages other than those enumerated shall not be recovered. (25 C. J. S., Damages § 114.)

The rights of the appellees under the contract here in question were cumulative, not exclusionary. The liquidated damage provision in the event the appellant defaulted in the payment of installments due, is independent of the covenant not to commit waste. The contract did not expressly provide that damages other than those enumerated under the liquidated damage covenant should not be recovered.

The appellant emphasizes that the appellees retained $2,630 for the 25 month period that the appellant was in possession of the property. This would be a reasonable rental value of the property. If the appellant's argument is carried to its logical conclusion and the appellant paid only one monthly installment of $90 under the contract, and committed waste in the amount of $1,000, would the appellees exercising the same option under a contract such as this be entitled only to one payment of $90 as liquidated damages? Obviously this was not the intention of the parties to the contract. The appellant is still responsible for such damages as naturally arise from the breach of a contract. (*Cain Shoes, Inc. v. Gunn,* 194 Kan. 381, 399 P. 2d 831; *Gartner v. Missimer,* 178 Kan. 566, 290 P. 2d 827; *Crabb v. Swindler, Administratrix,* 184 Kan. 501, 337 P. 2d 986; and *McCoy v. Wesley Hospital & Nurse Training School,* 188 Kan. 325, 362 P. 2d 841.)

The trial court correctly applied this principle, admitted evidence regarding the facts and circumstances which arose under the con-

tract and, with proper instructions, permitted the case to go to the jury. The appellant has advanced no theory which merits disturbing the jury's verdict.

The judgment of the lower court is affirmed.