THOMAS B. SPINELLA; UNITED STATES FIDELITY & GUARANTY COMPANY, A MARYLAND CORPORATION, APPELLANTS, *v.* B–NEVA INC., A NEVADA CORPORATION; NEVADA ALLIED INDUSTRIES, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 8912

June 28, 1978                    580 P.2d 945

*Charles E. Springer, Ltd.,* Reno, for Appellants.

*Thornton, Stephens, Atkins & Kellison,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Respondents sought damages from appellants for breach of contract. A trial without jury resulted in judgment in favor of respondents. Appellants contend the district court erred in (1)

interpreting and applying a liquidated damages clause; (2) computing damages; and, (3) failing to order a new trial. We disagree.

On June 4, 1971, appellant Spinella entered into a construction contract with respondent B–Neva, Inc., respondent Nevada Allied Industries, Inc.'s predecessor in interest. The contract provided for Spinella to furnish the labor and materials required to pave and place drainage improvements on a parking lot owned by B–Neva, Inc. at the Round Hill Village Shopping Center in Zephyr Cove, Nevada. In consideration for the work, B–Neva was to pay Spinella $42,435.20. The contract also provided for appellant United States Fidelity & Guaranty Company to execute a performance and payment bond in the amount of the contract price, to be paid in event of Spinella's default.

Spinella failed to complete the work by the date agreed upon in the contract and, moreover, the work which had been completed was defective. Spinella was unsuccessful in his attempts to repair the defects and finally, on October 27, 1972, was requested by B–Neva to cease further work on the project. Nevada Allied Industries, Inc. subsequently acquired the Round Hill Village Shopping Center from B–Neva and, on August 20, 1973, contracted with another construction company to have the defects repaired and the job completed in accordance with the specifications of the original contract.

1. The Spinella—B–Neva contract contained a liquidated damages clause which provided:

> It is mutually agreed between the parties hereto that time is the essence of this Contract, and in the event the construction of the work is not completed within the time herein specified, it is agreed that from the compensation otherwise to be paid to the CONTRACTOR, the OWNER may retain the sum of Two Hundred ($200.00) per day for each day thereafter, Sundays and holidays included, that the work remains uncompleted. This sum is not a penalty, being the stipulated damage the OWNER will have sustained in event of default by the CONTRACTOR to complete the work within the stipulated time.

The district court specifically found this clause valid and enforceable and applied the clause in awarding liquidated damages.

Appellant contends the clause was invalid and should not have been applied because liquidated damages provisions are

not applicable where, as here, the contractor abandons performance. We need not decide this issue as the record fails to indicate that appellant Spinella abandoned performance. To the contrary, Spinella made numerous unsuccessful attempts to repair his defective workmanship and finally, on October 27, 1972, was given written notification to suspend reconstruction work. Under these circumstances, we are unable to conclude the district court erred in awarding damages pursuant to the liquidated damages clause.

Appellant contends, alternatively, that if the liquidated damages clause is valid, it provides the sole measure of damages available to respondents. The language of the clause refutes this contention. Indeed, the plain and unambiguous language manifests an intent that liquidated damages compensate only for delay in performance. *See* Oregon, State Highway Com'n v. De Long Corporation, 495 P.2d 1215 (Or.App. 1972). Accordingly, the clause does not preclude "the recovery of actual damages for other items to which the liquidated provision does not apply. . . ." Lawson v. Durant, 518 P.2d 549, 551 (Kan. 1974). Thus, actual damages resulting from Spinella's defective workmanship were properly awarded.

2. Appellants next argue the record fails to support the quantum of damages awarded. In our view, the record contains ample evidence to support the award and, thus, it will not be disturbed. *See* Sanguinetti v. Strecker, 94 Nev. 200, 577 P.2d 404 (1978); Thompson v. Herrmann, 91 Nev. 63, 530 P.2d 1183 (1975); Lyon v. Walker Boudwin Constr. Co., 88 Nev. 646, 503 P.2d 1219 (1972).

3. Finally, appellants contend the court erred in failing to *sua sponte* declare a mistrial following the death of their trial counsel. The death occurred after the evidence had been presented, but prior to final argument to the court. A continuance was granted to allow for appointment of new counsel, Charles E. Springer, Esq., who argued appellants' case and prosecuted this appeal. At no time did counsel move for either a mistrial or a new trial in the district court. This fact, when coupled with appellants' failure to cite relevant authority for their novel contention and our finding that appellants' case was not prejudiced by the death of their original trial counsel, leads to our conclusion that there was no reversible error.

Other issues raised by appellants are without merit.

Affirmed.