Harold J. DUCKETT and Margaret F. Duckett, Appellees,

v.

William R. WHORTON, Appellant.

No. 64924.

Supreme Court of Iowa.

Nov. 25, 1981.

Rehearing Denied Jan. 14, 1982.

Maurice L. Nathanson, Cedar Rapids, for appellant.

Robert C. Nelson, Cedar Rapids, for appellees.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, McGIVERIN, and LARSON, JJ.

HARRIS, Justice.

Plaintiffs owned a business building in Marion, Iowa, in which automobiles were repaired and painted. About 1970 a paint booth was built inside the building at a cost

of about $4500. In March of 1973 defendant rented the building from plaintiffs to be used by him in conducting the same business. Defendant knew that, because of unsafe wiring and inadequate ventilation, the paint booth did not comply with OSHA regulations.

Prompted by a warning from a government inspector, the defendant purchased a portable paint booth and removed the old one to create more work space. Plaintiffs knew of the change and did not complain of it. Defendant vacated the building in May of 1979. That same month this action was brought seeking an injunction to prevent defendant from moving the portable paint booth, or, in the alternative, seeking $5000 for removal of the cement block paint booth.

Trial was to the court which found defendant had removed the paint booth without plaintiffs' approval. Judgment was entered for plaintiffs in the amount of $9560. The only issue on appeal is damages which were assessed on the basis of replacement cost of the paint booth in May of 1979.

The court of appeals affirmed, stating it could find no Iowa case law on the question of damages for waste to real property. The court of appeals, like the trial court, believed the measure was the cost of repairing or restoring the property, computed at the time the lease terminated.

■ I. We believe the proper measure of damages for waste, when it occurs where the owner is aware of the injury, is the same as the ordinary measure for injuries to realty. If the property can be repaired or restored, it is the reasonable cost of repair or restoration, not exceeding the fair market or actual value of the improvement immediately prior to the damage. *See generally Schiltz v. Cullen-Schiltz & Assoc., Inc.,* 228 N.W.2d 10, 18–19 (Iowa 1975); *State v. Urbanek,* 177 N.W.2d 14, 16–18 (Iowa 1970). Where the property cannot be repaired or restored, the measure of damages is the difference between its fair and reasonable market value immediately before and immediately after the injury. *Watson v. Mississippi R. P. Co.,* 174 Iowa 23,

38, 156 N.W. 188, 194 (1916). It makes no difference here whether the building could or could not be repaired. Either way damages are to be measured as of the time of the injury. *See* Restatement (Second) of Property § 12.2(2), comment f (1977). It is apparent that replacement cost, computed here as of the time the lease terminated, was erroneous.

II. The question remains whether, because of the error, the case should be remanded for a new trial or whether judgment should be entered for the defendant. Under Iowa R.Civ.P. 179(b), defendant moved in trial court for enlargement of judgment. The trial court was asked to enter judgment for defendant because plaintiffs failed in their burden to prove damages. The motion should have been sustained. There was no evidence of either the reasonable cost of repair or the diminution of value of the building at the time it was damaged. This is not a case which falls under the rule in *Orkin Exterminating Co., Inc. (Arwell Div.) v. Burnett,* 160 N.W.2d 427, 430 (Iowa 1968) (recovery may be had where damages are certain but speculative as to amount). Here plaintiffs simply offered no evidence under the proper measure.

■ Where a trial court should have sustained a defense motion for directed verdict it is appropriate for us to reverse without ordering a new trial. *Cram & Sons v. Central Tr. Co.,* 205 Iowa 408, 414, 216 N.W. 71, 73 (1927). The same disposition should prevail when, as here, judgment in the trial court was sought under Iowa R.Civ.P. 179(b), rather than by way of a motion for directed verdict. Defendant adequately presented his contention to the trial court. Plaintiffs failed to prove damages, a necessary element for recovery, and should not be accorded another chance.

The judgment of the court of appeals is vacated. The judgment of the trial court is reversed and the case remanded for entry of judgment in favor of defendant.

DECISION OF COURT OF APPEALS VACATED.

REVERSED.