Ivan MEYER, Plaintiff and Appellee,

v.

Ralph HANSEN, individually, and Lee Carnahan, Thomas V. Slavin, A. Nicholas Rocco and Beverly Rocco, co-partners doing business as Dickinson Associates, Ltd., Lato Supply Corporation, Cloverdale Foods Company, Margaret Slavin, Wallwork Lease and Rental Co., Inc., Liberty National Bank and Trust Company, Electric Sales & Service, Inc., and the United States of America (Internal Revenue Service), Defendants.

Lee Carnahan, A. Nicholas Rocco and Beverly Rocco, co-partners doing business as Dickinson Associates, Ltd., Defendants and Appellants.

Civ. No. 10841.

Supreme Court of North Dakota.

Aug. 15, 1985.

Freed, Dynes, Reichert & Buresh, Dickinson, for defendants and appellants; argued by Ronald A. Reichert, Dickinson.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiff and appellee; argued by Ward M. Kirby, Dickinson.

LEVINE, Justice.

Lee Carnahan, Thomas V. Slavin, A. Nicholas Rocco, and Beverly Rocco, partners d.b.a. Dickinson Associates, Ltd. (Dickinson Associates), appeal from a district court judgment awarding Ivan Meyer (Meyer) $100,000 in damages for waste. We affirm.

In 1979 Meyer agreed to sell to Ralph Hansen, by contract for deed, a hotel, including all inventory, operating equipment and supplies, and furnishings. Hansen assigned the contract for deed to Dickinson Associates. In September 1982, after Dickinson Associates defaulted on the installment payments, Meyer took possession of the hotel and brought an action to cancel the contract for deed and to recover for damage to the hotel. A stipulated partial judgment was entered cancelling the contract for deed.[1] At a subsequent bench trial, the court concluded Dickinson Associates had committed waste to the hotel and awarded Meyer $100,000 in damages.

The initial issue we decide is whether the liquidated damages clause in the contract for deed precluded Meyer's recovery of damages for waste.

The contract contained a liquidated damages provision which provided that upon default in the installment payments, or upon failure to perform any of the contractual covenants, Meyer could terminate the contract and Dickinson Associates would "forfeit all payments theretofore paid under this contract as and for liquidated damages and as compensation for the use and occupation of the premises."

Dickinson Associates asserts that this contractual language limited Meyer's remedy for waste in two ways. First, the forfeited contract payments were full compensation for any injury to the hotel, including waste, arising from Dickinson Associates' "use and occupation of the premises." Second, the liquidated damages constituted Meyer's exclusive remedy for any waste resulting from Dickinson Associates' breach of its contractual covenant to protect the premises.[2] Dickinson Associates

---

1. All other defendants were either dismissed or were in default and Dickinson Associates is the only defendant represented in this appeal.

2. The covenant read in part:
 "4. PROTECTION OF THE PREMISES. The buyer will, during the continuance of this contract, carefully watch over and protect all

argues that because the contract limited Meyer's recovery to the forfeited payments the trial court erred in awarding damages for waste.[3]

We disagree that Meyer's recovery for waste was limited in either of the two ways asserted by Dickinson Associates.

■ First, in claiming that its "use and occupation" of the hotel encompassed waste, Dickinson Associates misinterprets the concept of waste. Generally speaking, the doctrine of waste imposes a duty upon a person in possession of land, in the course of its utilization, and in making physical changes thereto, to do so in such a manner as to not unreasonably injure one who has a right or possibility of future possession. A failure to comply with this duty ordinarily constitutes waste. *See*, 2 Tiffany, Real Property, § 630 (3 ed. 1939). Thus, waste is, functionally, a part of the law which keeps in balance the conflicting desires of persons having interests in the same land. *Smith v. Cap Concrete*, 133 Cal.App.3d 769, 184 Cal.Rptr. 308 (1982), quoting 5 Powell, Real Property (1974) § 636.

■ Waste may be defined as an unreasonable or improper use, abuse, mismanagement, or omission of duty touching real estate by one rightfully in possession, which results in a substantial injury. 4 Thompson, Real Property, § 1853. Waste implies neglect or misconduct resulting in material damage to property, but does not include ordinary depreciation of property due to age and normal use. *Moore v. Phillips*, 6 Kan.App.2d 94, 627 P.2d 831 (1981).

■ Waste can occur to such items of personal property as furnishings, equipment and inventory when this property is so attached and intertwined with the premises to warrant treating the real and personal property as one. In such circumstances the personal property is treated similarly to fixtures and is regarded as part of the realty. *See, Schnaible v. City of Bismarck*, 275 N.W.2d 859 (N.D.1979). Here, the furnishings, equipment and inventory were required for the hotel's operation. Furthermore, it is clear from the contract that the parties intended both the real and personal property to be sold as one entity. *See, McKee v. Kinev*, 160 N.W.2d 97 (N.D.1968).

Thus, in sum, waste occurs when use and occupation of property is unreasonable and unusual: that is, when the property is damaged beyond that expected as a result of normal use, occupancy and depreciation.

■ Clearly, then, the contract provision providing that Dickinson Associates "forfeit all payments theretofore paid under this contract ... as compensation for the use and occupation" of the hotel does not limit Meyer's recovery for waste because waste transcends "use and occupation."

■ Nor do we accept Dickinson Associates' second contention that the liquidated damages constituted Meyer's exclusive recovery for waste. A provision for liquidated damages will not prevent recovery for actual damages for events which are not covered by the liquidated damages clause, unless the contract expressly provides that damages other than those enumerated shall not be recovered. *Lawson v. Durant*, 213 Kan. 772, 518 P.2d 549 (1974); NDCC § 9-07-13; *see generally*, 25 C.J.S., *Damages*, § 114; 22 Am.Jur.2d, *Damages*,

---

buildings, structures and improvements now on or hereafter placed on said premises and will keep the same in good and ordinary state of repair...."

**3.** The trial court found that Dickinson Associates' acts of waste included, but were not limited to: "destructive alteration of the premises in the bar area and restaurant; the alteration and destruction of furniture items; destruction of the rooms, bathrooms and doors on the premises; and neglect and misuse in the abandonment of the premises by [Dickinson Associates] which resulted in the termination of electricity to the premises, which caused extensive damage in that a sump pump which was designed to keep the premises free of sewage and liquid waste was shut down, thereby enabling sewage and liquid waste to flow onto the lower portion of the premises."

§ 232. Dickinson Associates' duty not to commit waste was independent of, and consequently not governed by, the covenant to protect the premises. *See Lawson, supra; see also, Northern Petrochem Co. v. Thorsen & Thorshov, Inc.,* 297 Minn. 118, 211 N.W.2d 159 (1973).

Regardless of how expansive the terms of the contract may be, its coverage can only extend to those events which the parties intended. NDCC § 9–07–13. To conclude that the parties intended the liquidated damages provision to cover waste would require an unreasonable interpretation of the contract, which is prohibited by NDCC § 9–07–18.

We therefore conclude Meyer's recovery for waste is not precluded by the liquidated damages clause contained in the contract for deed.

 The next issue raised by Dickinson Associates is that Meyer failed to properly plead his cause of action for waste. However, Dickinson Associates did not timely object to Meyer's pleadings. When an issue not properly raised by the pleadings is tried by the express or implied consent of the parties it may be treated as if it had been raised in the pleadings. *Harrington v. Harrington,* `365 N.W.2d 552 (N.D.1985). Consequently, Dickinson Associates waived any objection to Meyer's pleadings.

Dickinson Associates next asserts that the trial court applied the incorrect measure of damages. Dickinson Associates contends the trial court erroneously measured Meyer's damages by the diminution in value of the hotel, the correct measure being the cost of repair.

In awarding Meyer $100,000 for waste the trial court did not specify what measure of damages it used. Rather, the findings of fact merely state that Meyer had been "damaged in the sum of $100,000, which sum is also the value of the property wasted or removed."

The North Dakota statutory provision relating to waste, § 32–17–02, does not precisely specify that the measure of damages for waste is the difference between the market value of the property before and after the waste. It does mandate that the value of the property wasted and the value of the property aside from the waste shall each be pled with particularity. The general rule is that the measure of damages for waste is the difference between the market value of the property before and after the waste. *Lustig v. U.M.C. Industries, Inc.,* 637 S.W.2d 55 (Mo.App.1982); *Hamman v. Ritchie,* 547 S.W.2d 698 (Tex.Civ.App.1977); *see generally,* 93 C.J.S., *Waste,* § 18; 78 Am.Jur.2d, *Waste,* 35. However, a number of states allow establishing damages for waste by showing either the difference in the market value of the property before and after injury, or by the cost of repair. *See, e.g., Jowdy v. Guerin,* 10 Ariz.App. 205, 457 P.2d 745 (1969); *Smith v. Cap Concrete,* 133 Cal.App.3d 769, 184 Cal. Rptr. 308 (1982); *Duckett v. Whorton,* 312 N.W.2d 561 (Iowa 1981); *Johnson v. Northwest Acceptance Corporation,* 259 Or. 1, 485 P.2d 12 (1971).

 Given the absence of an express legislative pronouncement, and given that the object of an award of damages is to compensate without unjust enrichment, we believe there should be no exclusive test for measuring property damage for waste. Rather, it is best to adopt the more flexible approach in which the mode and amount of proof must be adapted to the facts of each case.[4] *See Ferraro v. William Lyles Const. Co.,* 102 Cal.App.3d 33, 162 Cal. Rptr. 238 (1980); *Oregon Mutual Fire In-*

---

4. Thus, for example, when the cost of repairing the damage and restoring the premises to their original condition is less than the diminution in value of the property, such cost is the proper measure of damages. However, if the cost of restoration will exceed such diminution in value, then the decrease in value of the property is the appropriate measure. See, *e.g., Mozzetti v. City of Brisbane,* 67 Cal.App.3d 565, 136 Cal. Rptr. 751 (1977); *Duckett v. Whorton,* 312 N.W.2d 561 (Iowa 1981).

*surance Company v. Mathis*, 215 Or. 218, 334 P.2d 186 (1959). We hold that, depending on the facts of each case, either diminution in value or cost of repair is the appropriate measure of damages for waste. Plaintiff has the right to elect the measure deemed more accurate and if the defendant disagrees, he has the burden to prove the alternative measure is more appropriate.

In this instance it is difficult to ascertain from the record what measure of damages was used. However, that uncertainty is not important because it appears that there would be the same recovery under either measure, as is often the case. See, *Bean v. Sears, Roebuck & Company*, 129 Vt. 278, 276 A.2d 613 (1971); *Whitman Hotel Corp. v. Elliott & Watrous Eng. Co.*, 137 Conn. 562, 79 A.2d 591 (1951); 22 Am.Jur.2d, *Damages*, § 132.

■ The principal evidence of damages was Meyer's opinion testimony of the diminution in value of the hotel. However, his opinion of the hotel's decrease in value was derived primarily from the costs of repairing and restoring the hotel, which is an acceptable means to prove decrease in value. *Johnson v. Northwest Acceptance Corporation, supra; Whitman Hotel Corp. v. Elliott & Watrous Eng. Co., supra.* Therefore, because either measure of damages would produce the same recovery, and there was no evidence to the contrary, we conclude there was no error in measuring Meyer's damage for waste.

■ Finally, Dickinson Associates alleges that Meyer failed to prove his damages for waste with sufficient certainty. Meyer, having established that waste had occurred, was not required to prove the amount of his recovery with mathematical nicety as long as he provided a reasonable basis for computing the approximate level of damages. *Ellendale Farmers Union Coop Ass'n v. David*, 219 N.W.2d 829 (N.D. 1974).

Meyer testified that when Dickinson Associates took possession of the hotel in 1980 it was worth $1,682,000 and when he retook possession in 1982 its value had decreased to $850,000. Meyer opined that $250,000 of this decrease in value was attributable to waste by Dickinson Associates.

■ Meyer, as owner of the hotel, was competent to testify to the hotel's value without qualification other than the fact of his ownership. *Jim's Hot Shot Serv. v. Continental West. Ins.*, 353 N.W.2d 279 (N.D.1984); *In re Heart River Irr. Dist.*, 78 N.D. 302, 49 N.W.2d 217 (1951). The mere fact of his ownership did not, however, qualify him as an expert on matters other than the value of his property. Rather, his testimony was subject to the same rules as any nonexpert witness giving opinion evidence. *In re Heart River Irrigation District, supra.*

■ A witness with such knowledge and experience as to qualify him to form a reasonably intelligent judgment may state his opinion as to the amount and extent of damages sustained, at least where he provides a reasonable foundation from which his estimate is based. *Elliott v. Swift & Co.*, 151 Neb. 787, 39 N.W.2d 617 (1949); *Swedowski v. Westgor*, 14 Wis.2d 47, 109 N.W.2d 549 (1961); *Jackson v. Buesgens*, 290 Minn. 78, 186 N.W.2d 184 (1971); *Nebraska Elec. Generation and Trans. Coop v. Markus*, 90 S.D. 238, 241 N.W.2d 142 (1976).

■ Meyer based his computation of damages primarily upon past expenditures and his anticipated costs to clean and repair the hotel, and to replace damaged or missing inventory, after repossessing the hotel from Dickinson Associates. The foundation for Meyer's testimony came from exhibits which listed expenditures for cleaning and repairs and compared the hotel's inventory before and after Dickinson Associates' possession. Meyer's opinion of damages was also based upon his experience as as a general contractor.

Notwithstanding the serious deficiencies in the foundational data of Meyer's testimony, which the trial court acknowledged, we conclude Meyer's opinion as to damages was derived from a reasonable basis. *Compare with, Jim's Hot Shot Serv., supra,* (owner's opinion of his property's value was insufficient to support a determination of value when the owner had no actual knowledge of either its value or of a rational manner in which the value might be computed).

Although Meyer was qualified to give his opinion regarding damages, the trial court was not required to categorically accept his testimony. Any deficiencies or inconsistencies in Meyer's testimony went to the weight the trial court accorded the evidence. *United States v. 443.6 Acres of Land,* 77 F.Supp. 84 (D.N.D.1948); *Furtek v. West Deer Township,* 191 Pa.Super. 405, 156 A.2d 581 (1960); *Richards v. Village of Edinburg,* 97 Ill.App.2d 36, 239 N.E.2d 479 (1968); *Williams v. Oldroyd,* 581 P.2d 561 (Utah 1978).

It is evident from the record that the trial court did not accept unequivocally either Meyer's opinion or documentary evidence.[5] The trial court acknowledged the problems apparent with the evidence of damages due to waste and that these deficiencies went to the weight of the evidence. Determining the weight to be given to testimony is the function of the trial court, not the appellate court. The fact that we may reach a different result from the trial court does not justify substituting our judgment

for that of the trier of fact. *State v. Livingston,* 270 N.W.2d 556 (N.D.1978).

The fact that the amount of damages may be hard to prove does not preclude recovery, but in such cases fixing the amount of damages is to be left to the sound discretion of the finder of facts. *North American Pump Corp. v. Clay Equipment Corp.,* 199 N.W.2d 888 (N.D. 1972). Nor will the court's determination of the amount of damages be set aside on appeal unless it is clearly erroneous. NDRCivP 52(a); *Pfliger v. Peavey Co.,* 310 N.W.2d 742 (N.D.1981). Applying these principles we are not convinced the trial court's decision to award Meyer $100,000 for damages for waste was clearly erroneous.

Dickinson Associates raises several additional points which we have considered but find unnecessary for our decision. We therefore affirm the judgment of the trial court.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

---

**5.** Dickinson Associates did not offer any evidence to rebut or contradict Meyer's testimony concerning his, damages due to waste.