**Richard RUDNITSKI, et al., Devisees of Alice Rudnitski, Appellants,**

v.

**Elizabeth SEELY, Respondent.**

**No. C0–89–43.**

Court of Appeals of Minnesota.

June 20, 1989.

Review Granted Aug. 25, 1989.

William A. Torell, Torell Law Office, Foley, for appellants.

Patrick W. Stewart, McMenomy & Severson, P.A., Apple Valley, for respondent.

Heard, considered and decided by PARKER, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

RANDALL, Judge.

This is an appeal from a summary judgment. The trial court ruled that the election of remedies doctrine precludes a vendor of real property from asserting a claim for waste to that property once the vendor has cancelled the contract and recovered the property. The trial court also ruled that the election of remedies doctrine precludes an action for conversion of personal property following cancellation of a contract for deed. We reverse and remand for trial on the merits.

## FACTS

On August 20, 1980, respondent Elizabeth Seely (the buyer) executed a contract for deed with Alice Rudnitski (the seller). The property covered by the contract is farmland in Benton County, Minnesota. Rudnitski died after entering into the contract and her children (appellants) acquired her vendor's interest in the property.

The contract required a down payment of $30,000, which was made on the date of the agreement. The balance due on the contract was to be paid off in installments of $1500 on February 5 and August 5 of each subsequent year. The contract had a standard clause allowing vendor to retain all payments made by vendee as liquidated damages for breach of the contract. The contract did not specifically address nor provide remedies for intentional waste to the real estate or conversion of personal property.

Respondent failed to make the payment due on August 5, 1986. Appellants sought to cancel the contract following the default. The procedures required by Minn.Stat. § 559.21 (1986) were complied with and cancellation was completed on April 23, 1987. Appellants retained all payments made on the contract up to the time of cancellation pursuant to the liquidated damages clause.

After taking possession of the property, appellants made discoveries about its condition and then served respondent with a verified complaint seeking damages for conversion of personal property and extreme waste to the land. The complaint alleged that after recovering the property, appellants discovered that respondent had done serious damage to the house, barn, milkhouse, and other parts of the property. The complaint further claimed that the damage went beyond the normal wear and tear consistent with reasonable use of property by a contract vendee. Additionally, appellants asserted that respondent converted several pieces of farm equipment before relinquishing physical possession of the property. Appellants claimed that along with the land, respondent had contracted to buy certain farm equipment, but kept it and/or sold it and did not return the equipment or the money, even after default on the purchase price. Respondent answered the complaint with a general denial and alleged affirmatively that appellants were estopped from recovering damages because they had elected an exclusive remedy—cancellation of the contract for deed.

A court trial was scheduled for September 21, 1988. Prior to trial and without notice to appellants' counsel, respondent submitted a memorandum of law to the trial court in support of a motion for judgment on the pleadings or summary judgment. When appellants' counsel arrived for trial, he received the memorandum for the first time. He immediately objected to arguing the motion at that time because no notice of motion had been provided. Nevertheless, the court heard arguments and granted respondent's motion for summary judgment based on the election of remedies doctrine.

■ Appellants filed a motion for reconsideration on October 13, 1988. The motion was argued on November 23, 1988. Notice of appeal was filed on January 10, 1989. The trial court issued an order denying the motion on January 30, 1989.[1] In the memorandum accompanying this order, the trial court stated that the basis of its ruling was that no genuine issues of material fact were presented by appellants' claims of waste and conversion.

## ISSUE

On these facts, did the trial court err by granting respondent's motion for summary judgment?

## ANALYSIS

### Standard of Review

On appeal from a summary judgment, the reviewing court makes two inquiries: "(1) whether there are any genuine issues of material fact, and (2) whether the trial court erred in its application of the law." *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Summary judgment is a drastic remedy and should be granted only when it is clear that no fact issues are involved. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981) (citations omitted). When reviewing a summary judgment, we view the evidence in the light most favorable to the nonmoving party and resolve all doubts or factual inferences against the moving party. *Id.* at 339 (citations omitted). Appellants contend that the trial court erred in its application of the law and that genuine issues of material fact exist on both claims.

## I.

### Election of Remedies

Appellants first argue the trial court erred by ruling that the waste and conversion claims were precluded by the election of remedies doctrine. The election of remedies doctrine applies when a party seeks two or more inconsistent remedies. *Covington v. Pritchett*, 428 N.W.2d 121, 124 (Minn.Ct.App.1988). The purpose of the doctrine is to prevent "double redress for a single wrong." *Northwestern State Bank v. Foss*, 293 Minn. 171, 177, 197 N.W.2d 662, 666 (1972).

Applying this doctrine, the supreme court has held that actions for specific performance and cancellation of a contract for deed are inconsistent remedies. *Blythe v. Kujawa*, 177 Minn. 79, 82, 224 N.W. 464, 465 (1929). Therefore, recovery pursuant to one theory constitutes an election and precludes recovery under the other theory. Similarly, a vendor cannot cancel a contract for deed, and "thereafter recover the payments arising out of the contract." *Wayzata Enterprises, Inc. v. Herman*, 268 Minn. 117, 119, 128 N.W.2d 156, 158 (1964). However, this court has rejected the claim that the doctrine precludes a contract for deed vendor from recovering money loaned to a contract vendee following cancellation of the contract. *Miller v. Anderson*, 394 N.W.2d 279 (Minn.Ct.App.1986). The *Miller* court reasoned that the action was not precluded because cancellation of the contract is distinct from the vendor's right to collect on the debt. *Id.* at 283–84.

We must determine whether the action for waste and the action for conversion arose out of the contract for deed, and

---

1. The trial court was without jurisdiction to issue this order. *Hasan v. McDonald's Corp.*, 377 N.W.2d 472, 473 (Minn.Ct.App.1985) (trial court's jurisdiction is suspended pending an appeal). However, in the interests of judicial economy, we will address the issue appellants raise concerning this order.

whether recovery under these theories is inconsistent with statutory cancellation of the contract.[2] To make our decision, we examine the nature of these actions and their relationship to this contract.

### A. *Waste*

■■■ Waste is an unlawful act or omission of duty by one lawfully in possession of property which causes a substantial injury to the property. *See Whitney v. Huntington*, 34 Minn. 458, 462, 26 N.W. 631, 632 (1886); *see also Meyer v. Hansen*, 373 N.W.2d 392, 395 (N.D.1985). As stated by the North Dakota Supreme Court, "[w]aste implies neglect or misconduct resulting in material damage to property, but does not include ordinary depreciation of property." *Meyer*, 373 N.W.2d at 395. For example, waste occurs when a contract vendee cuts timber on land held pursuant to a contract for deed without the vendor's permission. *Whitney*, 34 Minn. at 463, 26 N.W. at 633.[3]

Appellants urge us to follow the *Meyer* case which held that a contract for deed vendor may assert a claim for waste against the vendee after cancellation of the contract. The contract in *Meyer* had a liquidated damages clause similar, but even more expansive than the clause contained in appellants' contract. Both clauses allow the vendor to retain payments made prior to cancellation of the contract as liquidated damages for the vendee's breach. The clause in *Meyer* went further and stated the prior payments would also serve as "compensation for the use and occupation of the premises." *Meyer*, 373 N.W.2d at

394. No similar provision is in appellants' contract.

*Despite* this broad liquidated damages clause, the North Dakota Supreme Court held the contract vendor could recover damages for waste to the property from the vendee. The court reasoned that the contract provision allowing retention of payments for use and occupation did not preclude a claim for waste because waste, by definition, transcends normal use and occupation. *Id.* at 395. The court rejected the vendee's claim that the liquidated damages clause provided the vendor's exclusive remedy. The court reasoned that a provision for liquidated damages does not prevent recovery for actual damages caused by events not contemplated by the clause, "unless the contract expressly provides that damages other than those enumerated shall not be recovered." *Id.* The clause at issue in *Meyer* had no such exclusivity provision. The court concluded that since the vendee's duty not to commit waste exists independent of the contract, the vendor's action was not foreclosed by the liquidated damages clause. *Id.* at 396.

■■■ We find the North Dakota Supreme Court's reasoning to be a rational balancing between the rights of vendor and vendee. With *Meyer* as a guide, we hold that appellants may at least attempt to establish a claim for waste against respondent even though the contract has been cancelled. The contract here contains no remedy for waste, nor does the liquidated damages clause contain an express exclusivity provision. *Meyer*, 373 N.W.2d at

---

2. The Minnesota Supreme Court has not directly ruled on the issue of whether statutory cancellation of a contract for deed precludes assertion of claims for waste or conversion by the vendor. In *West v. Walker*, 181 Minn. 169, 231 N.W. 826 (1930), the court held that a contract vendee could not maintain an action against a contract vendor for fraudulently inducing the vendee to enter into the contract after the vendor had cancelled the contract. *Id.* at 171, 231 N.W. at 827. The court reasoned that any cause of action *based on the contract* is extinguished when the contract is cancelled. The court went on to state that a vendee could sue the vendor for money had and received, thus leaving the possibility of noncontractual suits open. *Id.* (emphasis added); *see also Hollywood Dairy,*

*Inc. v. Timmer*, 411 N.W.2d 258, 259 (Minn.Ct. App.1987); *Nowicki v. Benson Properties*, 402 N.W.2d 205, 208 (Minn.Ct.App.1987) (cancellation of a contract for deed deprives the vendor of any action based on the contract).

3. On a contract for deed, the vendee has equitable title, but the vendor retains legal title until full payment. *See Gilbert Builders, Inc. v. Community Bank of DePere*, 407 N.W.2d 706, 708 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Aug. 19, 1987). Thus, a vendor retains the right to protect the property, and may bring an action for waste even if the vendee is current with contract payments. *Whitney*, 34 Minn. at 463, 26 N.W. at 633.

295–96.[4] We reverse the trial court's grant of summary judgment and remand for trial on the merits. At trial, appellants will have the burden of proof on their claim that the waste here is unlike the normal wear and tear which is subsumed and merged into a vendor's right to sue for the balance of the purchase price or return of the land, but not both. Our reversal on the grant of summary judgment does not speak to the merits of either parties' positions. Our ruling merely gives appellants an opportunity to prove up their claim.

### B. *Conversion*

■ Conversion is the exercise of dominion over goods inconsistent with and in repudiation of the owner's right. *Hildegarde, Inc. v. Wright,* 244 Minn. 410, 413, 70 N.W.2d 257, 259 (1955). Any act which destroys the character of goods or deprives the owner of possession for an extended period of time is conversion. *Id.* The essence of the tort of conversion is an interference with an individual's right to control his or her property. *Franklin Auto Body Co. v. Wicker,* 414 N.W.2d 509, 511 (Minn. Ct.App.1987) (citation omitted).

Appellants assert that respondent sold some of appellants' machinery at an auction before the farm could be reclaimed. No provision for the machinery is in the contract. Appellants' complaint states that the equipment was being sold with the farm. The trial court found that appellants' conversion claim did not survive cancellation of the contract for deed.

■ We hold that appellants' conversion claim is not precluded by the election of remedies doctrine, and reverse the trial court's ruling on this issue. Absent specific language so indicating, the alleged conversion of personal property, such as farm machinery, furniture, et cetera, is not merged with a statutory cancellation of

contract for deed.[5] The contract for deed here does not specifically join personal property and the land, and thus appellants' conversion claim, and respondent's defense to it, cannot be restricted by the contract for deed. *See Hollywood Dairy,* 411 N.W. 2d at 259. Any other result would give contract vendees, such as respondent, a license to sell off personal property, yet unpaid for, before returning land lost through statutory cancellation.

## II.

### *Material Fact Questions*

Appellants contend that their verified complaint, which asserts that respondent committed serious damage to the contract property and converted certain farm equipment, establishes genuine issues of material fact. In its memorandum denying the motion for reconsideration, the trial court stated that appellants' claims were dismissed because they failed to make "rudimentary offers of proof as to the essential elements of conversion and waste."

■ The record does not support the trial court's conclusion that no factual support exists for the claims of waste and conversion. The record contains repair estimates for damage to appellants' property. Appellants' complaint expressly states that farm equipment they owned was sold by respondent at an auction. At the hearing on appellants' motion for reconsideration, appellants' counsel identified specific items of farm equipment appellants claim respondent converted.

Viewing this evidence in the light most favorable to the nonmoving party reveals the existence of material fact issues for trial. Whether appellants can establish that the claim for waste to their property was caused by respondent's unreasonable use, or that specific pieces of farm equip-

---

**4.** Respondent contends that *Meyer* is distinguishable because it involved judicial cancellation of a contract, not statutory cancellation as here. We fail to see how this distinction undermines the principle that a remedy for waste and conversion may exist independent of a contract for deed. *Meyer,* 373 N.W.2d at 395. We also note that the statute under which cancellation

of the contract was effected does not preclude this action. *See* Minn.Stat. § 559.21 (1986).

**5.** Unless otherwise indicated, contracts for deed deal only with the land and the permanent buildings (realty) thereon, and do not involve personal property.

ment were converted is a matter for trial. *See Johnson v. Urie,* 405 N.W.2d 887, 891 (Minn.1987) (if allegations in complaint can be established by competent evidence, a duty may arise; thus summary judgment based only on the pleadings was inappropriate); *see also Ryan v. Lodermeier,* 387 N.W.2d 652, 653 (Minn.Ct.App.1986) (motion for judgment on the pleadings should be granted only if pleadings create no fact issue). On the specific facts of this case, we reverse the grant of summary judgment and remand for trial.

## DECISION

The trial court erred by ruling that the election of remedies doctrine precluded appellants from asserting claims for waste and conversion. Appellants present genuine issues of material fact on both claims, therefore summary judgment was inappropriate.

REVERSED AND REMANDED FOR TRIAL.