**Richard RUDNITSKI, et al., Devisees of Alice Rudnitski, Respondents,**

v.

**Elizabeth SEELY, Petitioner, Appellant.**

No. C0-89-43.

Supreme Court of Minnesota.

March 16, 1990.

Patrick W. Stewart, Stevens, Egan, Stewart & Lauer, Burnsville, for appellant.

Jerry O. Relph, Hughes, Thoreen & Sullivan, St. Cloud, for respondents.

KELLEY, Justice.

This case presents us with two issues: (1) whether an action alleging that a contract for deed vendee had committed waste survives the vendor's cancellation of the contract, and, (2) whether a contract for deed vendor can maintain an action after its cancellation for conversion of personal property which was not described in the contract for deed. In granting the contract vendees summary judgment, the trial court ruled that the election of remedies doctrine prevented the maintenance of actions on both claims. In reversing, the court of appeals panel held that the action for waste survived the cancellation, and that the vendor's conversion claim was not precluded by the election of remedies doctrine. *Rudnitski v. Seely*, 441 N.W.2d 827, 830–31 (Minn.App.1989). Because we conclude that in this case the action for waste did not survive the cancellation, we reverse the court of appeals on the waste issue, but affirm the court of appeals and remand the conversion claim to the trial court for trial.

By contract for deed dated August 20, 1980, appellant Elizabeth Seely contracted to purchase from Alice Rudnitski farmland and buildings in Benton County, Minnesota.[1]

The contract for deed itself recited a purchase price of $176,000, no part of which was identified as representing the value of certain personal property, consisting of several pieces of farm machinery, and was payable $30,000 down and by semi-annual $1,500 installments of principal plus interest. One clause in the contract authorized the vendor, upon cancellation, to retain all payments and improvements made by the vendee as liquidated damages for breach of contract.[2] The contract like-

---

1. Sometime thereafter Alice Rudnitski, the vendor, died. The respondents in this case are her devisees who succeeded to her vendor's interest in the contract upon her death.

2. The liquidated damage clause reads:
   But should default be made in the payment of principal * * * [respondents] may, at her option, by written notice declare this contract cancelled and terminated, and all rights, title and interest acquired thereunder by [appellant] shall thereupon cease and terminate, *and all improvements made upon the premises, and all payments made hereunder shall belong to said party of the first part as liquidated damages for breach of this contract* * * *.
   (emphasis supplied).

wise prohibited removal of buildings and improvements from the land, but otherwise was devoid of other provisions concerning waste or conversion.

Because Seely failed to pay the installment payment due August 5, 1986, failed to maintain insurance on the property, and failed to timely pay real estate taxes, respondents commenced proceedings to cancel the contract pursuant to Minn.Stat. § 559.21 (1988). The cancellation was completed on April 23, 1987. As permitted by the liquidated damage clause, respondents retained the down payment and all payments which had been made on the contract.[3]

After repossessing the property, the respondents claim to have discovered damage in the nature of waste to the real estate and conversion of certain personal property. This action was commenced by a verified complaint which alleged that Seely had seriously damaged, in excess of normal wear and tear, the house, barn, milkhouse, and other property, and, as well, that she had converted several pieces of farm equipment sold with the farm by selling them at an auction before relinquishing possession.

Following the trial court entry of summary judgment, respondents moved for reconsideration. Before that motion could be heard and determined, respondents appealed from the judgment.[4]

■ Among the options available to a contract for deed vendor upon default of a vendee is cancellation of the contract pursuant to Minn.Stat. § 559.21 (1988). Ordinarily when that option is exercised, the vendor will be held to have elected a remedy and will thereafter be prevented from receiving double recovery by seeking damages for breach of contract. *Wayzata Enters. v. Herman*, 268 Minn. 117, 119, 128 N.W.2d 156, 158 (1964). The election of remedies doctrine applies when an action was pursued to a determinative conclusion,

the vendor procured advantage from his or her actions, or if the vendee was subjected to injury. *First Nat'l Bank v. Flynn*, 190 Minn. 102, 106–07, 250 N.W. 806, 808 (1933); *Kosbau v. Dress*, 400 N.W.2d 106, 110 (Minn.App.1987); *Covington v. Pritchett*, 428 N.W.2d 121, 124 (Minn.App.1988). In short, one cannot ordinarily cancel a contract by the statutory procedure and then recover benefits due under it.

### I. Waste.

■ Appellant Seely argues that when respondents cancelled the contract for deed and retained the contract payments which had been made by her, as permitted by the liquidated damage clause, they elected a remedy and are now barred from seeking recovery of additional damages for alleged waste. We agree.

■ Waste is conduct by a person in possession of land which is actionable by another with an interest in that same land to protect the reasonable expectations of the nonpossessing party. 5 R. Powell, *Powell on Real Property*, ¶ 636 (1989) [hereinafter Powell]. Waste involves more than just ordinary depreciation, it involves negligence or intentional conduct which results in material damage to the property. *Moore v. Phillips*, 6 Kan.App.2d 94, 627 P.2d 831, 834 (1981).

■ Inclusion in a contract for deed of an express prohibition against waste or a liquidated damage clause mentioning waste would bar a vendor's recovery after cancellation. In such case, waste constitutes a breach of the contract and cancellation would terminate any existing right to recover for the breach. *See* Powell, ¶ 638. However, this case presents a more difficult problem. Here there is no contract-imposed duty to prevent waste, and, therefore, if the vendee, in fact, committed waste, such commission is not a breach of

---

**3.** Assuming Seely made all payments prior to the August 1986 default, respondents retained approximately $46,500 in principal payments. However, the record is unclear whether, in fact, Seely made all earlier installment payments and unclear concerning the extent of any other of her defaults.

**4.** After the notice of appeal was filed, the trial court denied the motion for reconsideration. It, of course, then had no jurisdiction in the matter. *See Hasan v. McDonald's Corp.*, 377 N.W.2d 472, 473 (Minn.App.1985).

any express or specific term of the contract. Thus, if the vendor's claim for waste is to be barred by the doctrine of election of remedies, we cannot limit our inquiry to only the specific contract terms, but must additionally examine the relationship between the legal claim for waste and a breach of the contract, taking into consideration the fairness of allowing a vendor who has benefited from statutory cancellation to sue for waste.

Although both contract and property law have contributed to the shaping of the action for waste, its origin clearly lies in the tort law. Powell, ¶ 636. Appellant argues that there is no inconsistency in allowing a vendor to sue for waste after the contract for deed has been cancelled because waste is a tort action whereas the statutory cancellation is bottomed in contract law. We note, however, that the election of remedies doctrine, insofar as it relates to contract for deed remedies, rests not so much on consistency as upon concepts of fairness, such as that a vendor should not have a double remedy for a vendee's default. To allow a vendor to recover for waste in addition to retaining all contract payments by forfeiture would permit such a double recovery. The approach urged upon us by the respondents, it seems to us, completely overlooks the whole contractual relationship between the parties out of which any rights of the vendors to sue for waste must necessarily arise.

An action for waste is based on the premise that a person in possession of land owes another with an interest in the same land a duty to prevent unreasonable abuse or neglect to the land. Powell, ¶ 638. In this case, any duty Seely had to prevent waste arose out of and existed because of the contractual relationship with Rudnitski and her devisees. Until Seely defaulted, respondents had no right to recover for waste; their right was limited to enforcement of the terms of the contract. The right to recover for waste did not arise until and existed only because Seely breached the contract and failed to make installment payments. Until there had been a breach respondents had no legal

right to sue the contract vendee to recover any damages for alleged waste. Thus, the action for waste is not distinct and separate from the action on the contract; it is directly dependent upon any breach on the part of the vendee.

With this dependent nature of the cause of action for waste between the parties to a contract for deed in mind, we hold that even though the duty to prevent waste is not an express term of the contract, vendors who pursue statutory cancellation to conclusion are barred from bringing subsequent actions for waste occurring while the vendees were in lawful possession. As previously noted, the election of remedies doctrine prevents a vendor from taking action which procures an advantage for the vendor or subjects the vendee to injury and then seeking additional recovery. A vendor who chooses statutory cancellation is not only afforded benefits of the cancellation itself, but also benefits from the procedure the statute provides. Statutory cancellation is an expedient procedure which involves minimal judicial intervention. By following the strict guidelines of the procedure, time and expense are saved. But, the expeditious nature of the procedure also means that the vendee, in this case Seely, is not entitled to receive a full court hearing on the merits. After a vendor has reaped benefits from this abbreviated statutory procedure, it would be unjust to allow the vendor the right to a full hearing to collect damages which, in part, arise out of the breach of the contract for deed. The election of statutory cancellation circumscribes the remedy and bars additional remedies relating to the breach of contract.

In this connection we deem reliance of the court of appeals on *Meyer v. Hansen*, 373 N.W.2d 392 (N.D.1985) to be inapposite. A significant difference exists between the procedure in *Meyer* and the one used in this case. *Meyer* involved a cancellation of a contract for deed under North Dakota law pursuant to judicial action in which the vendee had the opportunity to raise legal and equitable defenses. The remedy sought by the vendor in *Meyer* was dissimilar to the abbreviated statutory procedure of Minn.Stat. § 559.21 (1988). Had

respondents followed the procedure in pursuing a remedy similar to that in the North Dakota case, we might not disagree with the holding of that case, but they did not. Rather, they elected a nonjudicial expeditious remedy, and that election barred a subsequent action to recover damages beyond those agreed upon by the parties when they entered into the contract.

To so hold results in no diminution of a vendor's rights. We merely affirm what has always been assumed—when a vendor chooses the expeditious remedy of statutory cancellation to recover for breach of contract, that vendor cannot later seek recovery of damages for alleged waste.

## II. Conversion.

■ The respondents' conversion claim is predicated upon their contention that certain pieces of farm equipment were sold to the vendee as part of the farm sale and were included in the recited consideration of $176,000 in the contract for deed. Therefore, they claim, when appellant allegedly sold the equipment at an auction sale prior to the reclamation of the farm she converted it. Conversion is the exercise of dominion and control over goods inconsistent with, and in repudiation of, the owner's rights in those goods. *Hildegarde, Inc. v. Wright*, 244 Minn. 410, 413, 70 N.W.2d 257, 259 (1955). An action which destroys the character of goods or deprives the owner of possession for an extended period of time is conversion. *Id.* If appellant sold goods to which respondent had a right, respondent has a valid action in conversion.

■ When personal property is included in the contract for deed, cancellation of the contract actually entitles a vendor to recover those personal goods. Just as a vendee must return possession of every acre held pursuant to the contract for deed after cancellation, the vendee must return all personal property in the vendee's possession. As noted by the court of appeals, any other result would license a vendee to sell off personal property the vendee does not actually own under the terms of the

contract for deed. Such activity would constitute a classic case of conversion.

■ The problem here is caused by the fact that the contract for deed does not mention any sale of personal property—it only describes real estate. Because it is not mentioned, the contract for deed does not cover personal property, and its statutory cancellation cannot be said to constitute an election of remedies with respect to the personal property allegedly converted. Because the personal property was not mentioned in the contract for deed, the cancellation of the contract can have no effect on any other agreement between the parties concerning the personal property. Consequently, the trial court's entry of judgment was inappropriate. Therefore, we affirm that portion of the decision of the court of appeals' panel remanding the conversion claim for trial.

Reversed in part; affirmed in part and remanded.